[L.A. No. 30291. In Bank. July 3, 1974.]

FRANK NORRIS SHUFORD, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Theodore A. Johnson for Petitioner.

Cecil Hicks, District Attorney, Michael R. Capizzi, Assistant District Attorney, and Oretta D. Sears, Deputy District Attorney, for Respondent and for Real Party in Interest.

**OPINION**

**McCOMB, J.**—Petitioner seeks a writ of prohibition to restrain respondent court from retrying him in a criminal prosecution until Orange County furnishes him a free transcript of his first trial, which ended with a hung jury. We have concluded that the writ should issue.

*Facts*: Petitioner is charged with burglary, murder, and assault with a deadly weapon and further charged with the use of a firearm in violation of section 12022.5 of the Penal Code. He was represented at his first trial by a private attorney other than the one now representing him. Before petitioner's present attorney accepted the case, he made an investigation of petitioner's ability to pay legal fees. The attorney learned that petitioner was the plaintiff in a pending personal injury action, and he agreed to represent petitioner in the criminal case in exchange for a lien against any proceeds of the civil case. If it were not for this lien arrangement, petitioner would qualify for representation by the public defender.

Petitioner filed an affidavit of indigence in respondent court and moved for a free transcript of the first trial. In his affidavit, he alleged that the cost of the transcript was estimated to be $600. Petitioner made a showing that the district attorney had a transcript of the testimony of defense witnesses at the first trial, and he represented that a study of a transcript of the entire proceedings was necessary for a proper preparation of his defense on the retrial. Respondent court, however, denied petitioner's motion. Petitioner thereupon filed the instant petition, and we issued an alternative writ of prohibition.

Petitioner has filed with this court an affidavit given by the Chief Deputy Public Defender of Orange County, in which it is averred that it has been the practice of the public defender's office, in the case of defendants represented by that office in which a jury has not been able to reach a verdict in the first trial, to obtain a transcript of the evidence of the first trial, or

relevant portions thereof, before commencing the second trial whenever the attorney believed it would be helpful in his representation of the defendant, and also to secure a transcript of the evidence taken at the first trial before commencing to represent any defendant who was represented by different counsel at the first trial.[1]

Question: ■ *Is an indigent criminal defendant whose trial ends with a hung jury entitled to a transcript at government expense to enable him to prepare for a new trial?*

*Yes.* It was established in *Griffin* v. *Illinois*, 351 U.S. 12 [100 L.Ed. 891, 76 S.Ct. 585, 55 A.L.R.2d 1055], that an indigent defendant is entitled to a free transcript on appeal from a judgment of conviction. This right has been extended to cover a transcript of prior proceedings when such transcript is needed for an effective defense or appeal. Thus, the Supreme Court of the United States in *Britt* v. *North Carolina*, 404 U.S. 226, 227 [30 L.Ed.2d 400, 403, 92 S.Ct. 431], said: "*Griffin* v. *Illinois* and its progeny establish the principle that the State must, as a matter of equal protection, provide indigent prisoners with the basic tools of an adequate defense or appeal, when those tools are available for a price to other prisoners. While the outer limits of that principle are not clear, there can be no doubt that the State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal."[2] (Cf. *Gardner* v. *California,* 393 U.S. 367, 370 [21 L.Ed.2d 601, 604, 89 S.Ct. 580].)

■ Petitioner's affidavit of indigence and the representation by his counsel that petitioner would be eligible for the public defender's services except for the lien arrangement were not controverted; and respondent court made no finding that petitioner is not indigent. Accordingly, since a free transcript would have been provided petitioner had he been represented by the public defender, and since the district attorney has obtained a transcript at public expense, petitioner would be denied equal protection of the laws if he, also, were not furnished a free transcript.

---

[1]This showing was not, but should have been, made in respondent court. However, we have concluded that the failure of petitioner's attorney to make the showing there should not deprive petitioner of our full consideration of a substantial equal protection question.

[2]In the narrow circumstances of *Britt,* it was determined that a transcript was not needed for the petitioner's defense. However, the circumstances here bear no analogy to the situation in *Britt,* and no showing has been made that any adequate alternative to a transcript was available to petitioner.

In *Britt,* both the trial and the retrial took place in a small town before the same judge and with the same counsel and court reporter; and the latter was well known to defense counsel and all the local attorneys and would have read back his notes to defense counsel before the second trial if he had been requested to do so.

■ Although we hold that petitioner is entitled to a free transcript of his previous trial, the question remains whether he is entitled to the complete transcript he has requested or whether a portion of the transcript will suffice to assure him an adequate defense upon retrial. As stated by the Supreme Court of the United States in *Mayer* v. *City of Chicago,* 404 U.S. 189, 194-195 [30 L.Ed.2d 372, 378-379, 92 S.Ct. 410]: "A 'record of sufficient completeness' does not translate automatically into a complete verbatim transcript . . . .

"We emphasize, however, that the State must provide a full verbatim record where that is necessary to assure the indigent as effective an appeal as would be available to the defendant with resources to pay his own way. Moreover, where the grounds of appeal, as in this case, make out a colorable need for a complete transcript, the burden is on the State to show that only a portion of the transcript or an 'alternative' will suffice for an effective appeal on those grounds."

■ It should be noted that the remedy of a pretrial writ is appropriate in the present case. The remedy of going to trial and appealing if petitioner should be convicted would not be speedy or adequate; such a procedure would entail personal hardships for petitioner, as well as a waste of public time and funds.

Let a peremptory writ of prohibition issue. Respondent court is directed to vacate its order denying petitioner's motion for a free transcript of the proceedings at his first trial and to proceed in a manner consistent with the views expressed herein.

Wright, C. J., Tobriner, J., Mosk, J., and Burke, J., concurred.