[Crim. No. 17837. In Bank. Aug. 22, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH C. HOSNER, JR., Defendant and Appellant.

---

**COUNSEL**

Serra, Perelson & Metcalf and Stephen J. Perelson, under appointment by the Supreme Court, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., and Jack R. Winkler, Chief Assistant Attorneys General, William E. James and

Edward P. O'Brien, Assistant Attorneys General, William D. Stein and Robert N. Schiff, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WRIGHT, C. J.**—Defendant appeals from a judgment of conviction entered upon jury verdicts of guilt of first degree burglary with great bodily injury and use of a firearm (Pen. Code, §§ 459, 460, 12022.5),[1] first degree robbery with great bodily injury and use of a firearm (§§ 211, 211a, 12022.5), and possession of a concealable firearm by a convicted felon (§ 12021), and from a finding that he is an habitual criminal because of two prior convictions (§ 644, subd. (a)). Defendant was sentenced to the terms provided by law for the convictions of burglary, robbery and possession of a firearm, the latter sentence to be served consecutively. Execution of sentence on the robbery conviction was suspended, the suspension to become permanent upon completion of the other sentences.

The judgment under review arose from the second trial of defendant on the same charges. Defendant's first trial, four and one-half months earlier, resulted in a mistrial when the jury reported that it was unable to reach a verdict after two days of deliberation.

Defendant is indigent and was represented at both trials by the same attorney. When defendant's case was first called for retrial, two months after the first trial, defendant's motion for a transcript of his first trial was denied. We hold the denial of this motion to have abridged defendant's right to the equal protection of the laws under the Fourteenth Amendment of the federal Constitution, as construed by the relevant decisions of the United States Supreme Court. We deem defendant to have been prejudiced at trial by this error, and we accordingly reverse the judgment against him.

The parties have argued at length throughout the checkered procedural course of this appeal whether or not there is anything more in the record on appeal which may properly be considered as bearing on defendant's claim that the trial court erred in denying his motion for a

---

[1] Unless otherwise specified, all section references are to the Penal Code.

transcript of his prior trial.[2] The parties' contentions in this regard have been rendered moot by our decision to order on our own motion that the record on appeal be augmented to include the reporter's transcript of the hearing on defendant's motion for a transcript of his first trial. (Rule 12(a), Cal. Rules of Court.)

We are unwilling, however, to make immediate reference to the record of the hearing on the motion for a transcript. If it appears that a showing of need was in fact made below by defendant in support of his motion for a transcript of his prior trial, it might seem by implication that the existence in the augmented record on appeal of evidence of such a showing was crucial to the merits of defendant's claim that the denial of this motion was erroneous. To avoid needlessly injecting confusion into this area of law, we have decided to reverse the usual sequence of discussion in an opinion of this type. Ordinarily, we would set forth the facts upon which a claim of error was premised, then state the relevant law, and applying that law to the facts conclude whether or not an error of law had in fact occurred. Herein we will first set forth the law governing a motion by an indigent criminal defendant for a transcript of prior proceedings in the course of his current prosecution. We will then look to the factual record of the hearing on such a motion in the instant case to determine if error occurred in light of our foregoing statement of the applicable law.

---

[2]Defendant's appeal has twice been before the Court of Appeal and once previously before this court. When his appeal was first before the Court of Appeal, defendant represented in his brief on appeal that "[p]rior to the beginning of the retrial" (before a judge other than the judge who had denied his motion for a transcript), he had unsuccessfully moved for an order making available during retrial the court reporter at his first trial, "in order to allow Defendant and his counsel to have access to the testimony elicited during the first trial." This motion does not appear in the record on appeal. The only support for this representation was an affidavit of defendant's trial counsel appended to defendant's brief on appeal. This affidavit further represented (1) that the judge who had denied defendant's motion for a transcript had observed that the court reporter at his first trial would be available to defendant during his second trial; and (2) that the judge who subsequently denied defendant's motion to have the court reporter made available had remarked that the earlier denial of defendant's motion for a transcript may have been improper.

In affirming for the first time defendant's convictions, the Court of Appeal did not mention defendant's representations of facts dehors the record on appeal. We granted a hearing of the appeal, and subsequently retransferred the cause to the Court of Appeal for reconsideration in the light of *Shuford* v. *Superior Court* (1974) 11 Cal.3d 903 [114 Cal.Rptr. 601, 523 P.2d 641]. While the Court of Appeal was reconsidering the appeal, defendant moved to augment the record on appeal to include the reporter's transcript of the hearing on his motion for a transcript of his first trial. The Court of Appeal took no action on this motion to augment the record and failed in its opinion affirming defendant's convictions for the second time to consider the assertions of fact made in the affidavit of defendant's trial counsel.

■ The basic question which we accordingly now address is whether the mere facts of a defendant's indigency and his timely motion for a transcript of prior proceedings entitle him prima facie to the requested transcript. We deem this question to have been settled in the affirmative by two cases of the United States Supreme Court. In *Roberts* v. *LaVallee* (1967) 389 U.S. 40 [19 L.Ed.2d 41, 88 S.Ct. 194], the Supreme Court held in a per curiam opinion that an indigent has a constitutional right to a transcript of his preliminary hearing, and that standing to complain of the violation of this right was conferred by the petitioner's having "adequately made known his desire to obtain the minutes of his preliminary hearing" by a "demand [which] was 'clear and unequivocal.'" (389 U.S. at p. 42 [19 L.Ed.2d at p. 44].) In his dissenting opinion Mr. Justice Harlan stated it to be his reading of the record "that petitioner and his counsel were both present at the preliminary hearing, that they were furnished a free transcript of the grand jury testimony of the state witness in question but made no use of this transcript at trial, and that at no time has petitioner suggested any use to which the preliminary hearing transcript could have been put, although he is in a position to know what it contains." (389 U.S. at p. 43 [19 L.Ed.2d at p. 44].) In objecting to the expansive scope of the per curiam opinion, he described it as "declaring that any document related to the criminal process, no matter how demonstrably trivial its significance, must be supplied free to indigents simply because the State is willing to make it available to others able to pay for it." *(Id.)*

More recently, in *Britt* v. *North Carolina* (1971) 404 U.S. 226 [30 L.Ed.2d 400, 92 S.Ct. 431], the court has made explicit what, absent Mr. Justice Harlan's dissent, was merely implicit in *Roberts*.[3] *Britt* did limit the state's obligation to provide an indigent defendant with a transcript of prior proceedings to circumstances in which the transcript is *"needed* for an *effective* defense or appeal." (Italics added.) (404 U.S. at p. 227 [30 L.Ed.2d at pp. 403-404].) But the court indicated that such need is to be *presumed,* and that it is the state's burden to show that particular circumstances afford a defendant an effective defense notwithstanding his lack of a transcript of prior proceedings. The court noted that its prior

---

[3]Adverting expressly to the court's rejection of Mr. Justice Harlan's dissenting arguments in *Roberts,* the court in *Britt* declared: "Our cases have consistently recognized the value to a defendant of a transcript of prior proceedings, without requiring a showing of need tailored to the facts of the particular case. [Fn. omitted.] . . . *[E]ven in the absence of specific allegations it can ordinarily be assumed that a transcript of a prior mistrial would be valuable to the defendant in at least two ways:* as a discovery device in preparation for trial, and as a tool at the trial itself for the impeachment of prosecution witnesses." (Italics added.) (404 U.S. at p. 228 [30 L.Ed.2d at p. 404].)

cases had "identified two factors that are relevant to the determination of need: (1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript." *(Id.)* In regard to the first factor of "particularized need" *(id.,* at p. 228 [30 L.Ed.2d at p. 404]), the court went on to declare that even in the absence of specific allegations such need could "ordinarily be assumed." *(Id.;* see *ante,* fn. 3.) As to the second factor of alternative devices, the court in *Britt* took pains to stress that despite the result reached therein (the denial of a free transcript of a prior mistrial to a defendant who *conceded* at oral argument that he had had available to him an "informal alternative which appear[ed] to be substantially equivalent to a transcript" (404 U.S. at p. 230 [30 L.Ed.2d at p. 405])), a "defendant who claims the right to a free transcript does not, under our cases, bear the burden of proving inadequate such alternatives as may be suggested by the State or conjured up by a court in hindsight." *(Id.)*

In our recent case of *Shuford* v. *Superior Court* (1974) 11 Cal.3d 903 [114 Cal.Rptr. 601, 523 P.2d 641], we held on the basis of *Britt* and other federal cases that an indigent defendant in a criminal trial who was entitled to a free transcript of a prior mistrial was *presumptively* entitled to a *full* transcript of those prior proceedings, and that the burden was on the prosecution to show that the defendant would have an effective defense or appeal with anything less than a complete transcript. *Britt* was relevant to *Shuford* primarily with regard to what *Britt* had identified as the second factor relevant to the determination of need for a transcript of prior proceedings: "the availability of alternative devices that would fulfill the same functions as a transcript." (404 U.S. at p. 227 [30 L.Ed.2d at p. 404].) Quoting from *Britt's* companion case, *Mayer* v. *City of Chicago* (1971) 404 U.S. 189, 195 [30 L.Ed.2d 372, 378-379, 92 S.Ct. 410], we paid heed to the federal rule that where there is " 'a colorable need for a complete transcript, the burden is on the State to show that only a portion of the transcript or an "alternative" will suffice.' " (11 Cal.3d at p. 907.)

Because the petitioner in *Shuford* had made "a showing of need tailored to the facts of [his] particular case" *(Britt* v. *North Carolina, supra,* 404 U.S. at p. 228 [30 L.Ed.2d at p. 404]) in support of his motion for a transcript of his first trial,[4] we were not there required to analyze

---

[4]"Petitioner filed an affidavit of indigence in respondent court and moved for a free transcript of the first trial. In his affidavit, he alleged that the cost of the transcript was estimated to be $600. Petitioner made a showing that the district attorney had a transcript

*Britt's* statement of the law pertaining to the first *Britt* factor relevant to the determination of need for a transcript of prior proceedings: "particularized need" (404 U.S. at p. 228 [30 L.Ed.2d at p. 404]), i.e., "the value of the transcript to the defendant" *(id.,* at p. 227 [30 L.Ed.2d at p. 403]). The question not presented in *Shuford* is now before us: what showing of particularized need, if any, must an indigent defendant make in order to become entitled to a free transcript of prior proceedings. In view of the previously quoted decisions of the United States Supreme Court in *Roberts* and *Britt,* it is manifest that the answer to this question of particularized need is the same as the answer given in *Shuford* to the related question of the availability of alternatives to a full transcript: an indigent defendant in a criminal trial is *presumed* to have a particularized need for a transcript of prior proceedings, just as he is *presumed,* if he needs a transcript at all, to need nothing less than a complete transcript.

Turning now to the case before us, we hold that defendant, upon his timely motion therefor, was presumptively entitled to a complete transcript of his first trial.[5]  ▮  It follows that the court below erred in denying defendant's motion for a transcript unless, at the hearing on that motion, the prosecution was able to overcome the presumptions of defendant's particularized need for the transcript and of the unavailability of adequate alternative devices.

---

of the testimony of defense witnesses at the first trial, and he represented that a study of a transcript of the entire proceedings was necessary for a proper preparation of his defense on the retrial. Respondent court, however, denied petitioner's motion. Petitioner thereupon filed the instant petition, and we issued an alternative writ of prohibition.

"Petitioner has filed with this court an affidavit given by the Chief Deputy Public Defender of Orange County, in which it is averred that it has been the practice of the public defender's office, in the case of defendants represented by that office in which a jury has not been able to reach a verdict in the first trial, to obtain a transcript of the evidence of the first trial, or relevant portions thereof, before commencing the second trial whenever the attorney believed it would be helpful in his representation of the defendant, and also to secure a transcript of the evidence taken at the first trial before commencing to represent any defendant who was represented by different counsel at the first trial.

[Text of accompanying footnote.] "This showing was not, but should have been, made in respondent court. However, we have concluded that the failure of petitioner's attorney to make the showing there should not deprive petitioner of our full consideration of a substantial equal protection question." *(Shuford v. Superior Court, supra,* 11 Cal.3d at pp. 905-906 and fn. 1.)

[5]In arguing to the contrary the People have relied exclusively on two cases from the Court of Appeal which antedate *Britt* and *Roberts. People* v. *Hollander* (1961) 194 Cal.App.2d 386, 392-396 [14 Cal.Rptr. 917], held that a trial court has discretion under Government Code section 69952 to order a free transcript of a prior trial to be furnished to an indigent defendant, and that this discretion must be exercised so as to accord indigent defendants the equal protection of the laws and fundamentally fair trials. We see nothing inconsistent with *Hollander* in our decision herein, which merely clarifies

Were the record silent as to what transpired at the hearing in question, the presumption of correctness of the judgment under review would require us to assume in support of the trial court's ruling that the prosecution did in fact make the requisite showing in opposition to defendant's motion. (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193]; *Walling* v. *Kimball* (1941) 17 Cal.2d 364, 373 [110 P.2d 58]; *Snodgrass* v. *Hand* (1934) 220 Cal. 446, 449 [31 P.2d 198]; *Coleman* v. *Farwell* (1929) 206 Cal. 740, 741-742 [276 P. 335]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 235, pp. 4225-4226.) We do not purport to pass on whether the record on appeal prior to our augmentation thereof was sufficiently informative of the proceedings in connection with defendant's motion for a transcript to have overcome the effect of this presumption of correctness. Having decided that the interests of justice would better be served by our augmenting the record on appeal on our own motion to include the reporter's transcript of the hearing on defendant's motion (see *ante,* p. 63), we now direct our attention to that transcript.

The transcript shows that defendant requested a transcript of his prior trial under the authority of *People* v. *Hollander* (1961) 194 Cal.App.2d 386 [14 Cal.Rptr. 917] (see *ante,* fn. 5). Defendant justified this request—although we emphasize that as previously discussed he was under no obligation to go forward with such a showing of particularized need—on the ground that it was necessary for counsel "to properly impeach, or to properly cross-examine the eight or nine witnesses who testified at the first trial. The testimony differed in some cases greatly, and in some cases less than greatly from the information provided to the Grand Jury, the police department, and in all the preliminary hearings prior to the trial." Defendant also made an independent request for whatever part of the record of the prior trial had been transcribed for the prosecution.

---

federal law regarding evidentiary presumptions applicable to the determination of disputes of facts relative to an indigent's claim that he is constitutionally entitled to a free transcript of prior proceedings.

The second case relied upon by the People cannot be similarly reconciled with our decision herein. *People* v. *Berry* (1962) 199 Cal.App.2d 97, 103-104 [18 Cal.Rptr. 388], held that an indigent defendant was not entitled to a transcript of a prior trial where he had had the same counsel at both trials and had failed to make a showing that he would be prejudiced in his defense at his second trial for lack of a transcript of his first trial. Similar views were expressed in *People* v. *Sullivan* (1962) 206 Cal.App.2d 36, 43 [23 Cal.Rptr. 558]. *People* v. *Berry* and *People* v. *Sullivan* are disapproved to the extent that they are inconsistent with this opinion.

The People agreed to release to defendant the partial transcript in their possession, which was represented as a small portion of defendant's testimony at the prior trial, and which was said to have been obtained not for impeachment purposes but for evaluation regarding the filing of additional charges. The People's showing of defendant's lack of need for or access to adequate alternatives to a full transcript of his prior trial was limited to pointing out "that since the time of the mistrial in this matter, the People have been ready and prepared to go to trial at all times, and the same counsel who represented the defendant is now representing him in that trial. The court reporter who took the notes of that trial is present and available to go back over his notes for defense counsel at any time."

To this defendant's counsel replied that "although I like to pride myself in having a slight ability as to recollection, a two-week trial, with a myriad number of witnesses, which were primarily based upon identification, and I would say they did vary as to the physical aspects, and it would be impossible for me to properly defend this man without something which I can prove and show to the court as concrete evidence that this testimony had differed." The trial court thereupon ruled: "The motion for a transcript is denied, other than what I have indicated, that the District Attorney can make copies for you of whatever they have, xerox copies."

The record of the hearing on defendant's motion for a transcript presents no conflicting assertions of fact which we might have to assume, in accordance with the presumption of correctness of the ruling below (see *ante,* pp. 66-67; but see also *New York Times Co.* v. *Sullivan* (1964) 376 U.S. 254, 285 & fn. 26 [11 L.Ed.2d 686, 709, 84 S.Ct. 710, 95 A.L.R.2d 1412]; *Napue* v. *Illinois* (1959) 360 U.S. 264, 271-272 [3 L.Ed.2d 1217, 1222-1223, 79 S.Ct. 1173]), were decided adversely to defendant by the trial court. It is our "duty [as] a reviewing court to examine the uncontradicted facts in order to determine independently" (*People* v. *Trout* (1960) 54 Cal.2d 576, 583 [6 Cal.Rptr. 759, 354 P.2d 231, 80 A.L.R.2d 1418]) whether in our view "the weight of the evidence" (*People* v. *Jones* (1944) 24 Cal.2d 601, 608 [150 P.2d 801]) entitled defendant to have his motion granted as a matter of law.

Since defendant had the benefit of a presumption that he needed the requested transcript "for an effective defense" (*Britt* v. *North Carolina, supra,* 404 U.S. at p. 227 [30 L.Ed.2d at pp. 403-404]; *Shuford* v. *Superior Court, supra,* 11 Cal.3d at p. 906), "the burden [was] upon the

prosecution to clearly establish the contrary." (*People* v. *Jones, supra,* 24 Cal.2d at p. 609.) The People's representations to the trial court of the identity of defendant's counsel for both trials, the People's willingness to have the second trial immediately after the first, and the possibility of defendant's counsel securing the ad hoc oral transcription of the reporter's notes of the first trial, fail as a matter of law to prevail over defendant's presumptive need for a full transcript of his first trial.[6] ▮ The United States Supreme Court has made it clear that counsel's memory, no matter how fresh (*Britt* v. *North Carolina, supra,* 404 U.S. at p. 228 [30 L.Ed.2d at p. 404] [only one month between mistrial and retrial]), and the mere suggestion of the availability of ad hoc oral transcriptions of the record of the prior proceeding, are insufficient to negate even the presumed need—let alone the demonstrated need—of an indigent defendant for a transcript of a prior proceeding. (*Id.,* at p. 229 [30 L.Ed.2d at pp. 404-405].) Any "informal alternative" proffered by the People to the trial court must be conceded to be available by the defendant and must furthermore appear to the court to be "substantially equivalent to a transcript" before it may supplant the prima facie right of an indigent criminal defendant to a free and full transcript of a prior proceeding. (*Id.,* at p. 230 [30 L.Ed.2d at p. 405]; see *ante,* pp. 64-65.) We accordingly conclude that the denial of defendant's motion for such a transcript was erroneous.

It remains to be decided whether this error mandates the reversal of defendant's judgment of conviction. The usual remedy for constitutional error in the course of a trial is reversal of an ensuing judgment unless "the beneficiary of [the] constitutional error" is able to prove that the error was "harmless beyond a reasonable doubt." (*Chapman* v. *California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711, 87 S.Ct. 824, 24 A.L.R.3d 1065].) Under this standard for determining whether constitutional error was so lacking in prejudice as not to require reversal, the court must look to the record of the case and to the probable impact of the tainted evidence on the minds of an average jury. (*Harrington* v. *California* (1969) 395 U.S. 250, 254 [23 L.Ed.2d 284, 287, 89 S.Ct. 1726]; accord, *Schneble* v. *Florida* (1972) 405 U.S. 427, 432 [31 L.Ed.2d 340, 345, 92 S.Ct. 1056].) When the untainted evidence of guilt is "overwhelming," the constitutional error may be deemed harmless. (*Harrington* v. *California, supra,* 395 U.S. at p. 254 [23 L.Ed.2d at p. 287]; accord, *Brown*

---

[6]We accordingly need not dwell on what, if any, weight defendant added to his side of the balance by not relying solely on the presumption of his need for a transcript and actually asserting to the trial court, without contradiction, that there had been material variances in the trial and pretrial testimony of prosecution witnesses.

v. *United States* (1973) 411 U.S. 223, 231-232 [36 L.Ed. 208, 215, 93 S.Ct. 1565].) However, *Chapman* recognized that some types of constitutional error have so pervasive an effect on the reliable ascertainment of truth at trial that reversal must automatically result, as where there has been a denial of the assistance of counsel, a biased judge, or the introduction of a coerced confession. (386 U.S. at p. 23 & fn. 8 [17 L.Ed.2d at p. 710]; cf. *Argersinger* v. *Hamlin* (1972) 407 U.S. 25, 31-37 [32 L.Ed.2d 530, 535-539, 92 S.Ct. 2006].)

■ We are of the opinion that the erroneous denial of an indigent defendant's motion for a free transcript of a prior trial requires automatic reversal. The denial of the transcript does not merely taint some specific items of evidence, leaving other items which might of their own force provide overwhelming evidence of guilt beyond a reasonable doubt. Rather, in the manner of the denial of the assistance of counsel, the denial of a transcript of a former trial infects all the evidence offered at the latter trial, for there is no way of knowing to what extent adroit counsel assisted by the transcript to which the defendant was entitled might have been able to impeach or rebut any given item of evidence. Even if an appellate court were to undertake the extraordinary burden of reviewing the records of both trials, the court would be able only to hypothesize what use at the latter trial could have been made of the transcript of the former trial. While the assessment of the prejudicial effect of error always requires some speculation by the reviewing court as to how an average jury would have decided the case in the absence of the error, an entirely new level of compound conjecture would be entailed in a court's first speculating what evidence might have been impeached, and how, and only then speculating how the trier of fact would have reacted to the speculated efforts at impeachment. To paraphrase Mr. Justice Cardozo's epitaph for the National Industrial Recovery Act, this would be speculation running riot. (See *Schechter Corp.* v. *United States* (1935) 295 U.S. 495, 553 [79 L.Ed. 1570, 1592, 55 S.Ct. 837, 97 A.L.R. 947] (concurring opn.).)

Our per se rule of reversible error relative to the denial of a transcript of a prior trial draws support from *Roberts* v. *LaVallee, supra,* 389 U.S. 40. Having ruled that it was error for the trial court to have denied the defendant's motion for a transcript of his preliminary hearing, the Supreme Court vacated the federal court of appeals' judgment affirming the denial of habeas corpus relief, and remanded the case to the court of appeals for "proceedings consistent with this opinion." Although such an

order would seem of sufficient latitude to have permitted the court of appeals to have conditioned issuance of the writ on a finding that the denial of the preliminary hearing transcript had actually prejudiced the defendant, the majority in *Roberts* did not quarrel with Mr. Justice Harlan's dissenting comments: ". . . I consider the Court's disposition of this case improvident even under the postulates of its opinion. I understand the Court to require the issuance of a writ of habeas corpus, and hence the setting aside of the state conviction, without any further investigation of whether the constitutional error now found to have been committed by the state courts actually prejudiced this defendant. Since there appears every likelihood that further examination would reveal that the denial of a preliminary hearing transcript to this petitioner was 'harmless beyond a reasonable doubt,' *Chapman* v. *California,* 386 U.S. 18, at 24, the case should have been sent back to the Court of Appeals with instruction to remand to the District Court for a hearing to determine the possibility of prejudice. Cf. *Roberts* v. *United States, ante,* p. 18." (389 U.S. at p. 44 [19 L.Ed.2d at p. 45].)[7]

---

[7]We wish to note that we reserve decision whether the per se rule of prejudice which we apply herein to the erroneous denial of a transcript of a prior *trial* should also be applied to an erroneous denial of a transcript of some other prior proceeding (cf. *Gagnon* v. *Scarpelli* (1973) 411 U.S. 778, 788-789 [36 L.Ed.2d 656, 665-666, 93 S.Ct. 1756] [right to counsel in proceedings other than criminal trials subject to case-by-case determination]), such as a hearing on a motion to suppress (§ 1538.5), a hearing on the voluntariness of a confession (Evid. Code, § 402), or a preliminary hearing which resulted in the defendant's discharge from custody (§ 871). (A defendant who is held to answer at a preliminary examination has a right under § 869, regardless of indigency, to a free transcript of that examination.) Although at the time a motion for such a transcript is made the People may be unable to overcome a defendant's presumed need for the transcript, it may well appear upon appeal from the defendant's eventual conviction that nothing transpired at the prior proceeding which was material to the ultimate adjudication of guilt or innocence at trial. Suffice it to say that such was not the case in *Roberts,* where the defendant was denied a transcript of a preliminary hearing "at which the major state witnesses [at trial] had testified." (389 U.S. at p. 41 [19 L.Ed.2d at p. 43].)

We recognize that similar objections might be lodged against our per se rule of prejudice due to the erroneous denial of a transcript of a prior trial. It does not defeat a fertile imagination to conjure up circumstances in which it might appear virtually as a matter of law that a transcript of a prior trial could have borne no fruit at a latter trial. But a context devoid of prejudice could also be posited, by resort to far-fetched circumstances, for the denial to the accused of the assistance of counsel or an impartial judge or, manifestly, for the introduction against the accused of a coerced but indubitably accurate confession: all errors mandating automatic reversal under federal law. (See *ante,* p. 70.) We believe that when an entire prior trial has taken place, the prosecution is well equipped at the time of a motion for a transcript of that trial to attempt to rebut the presumption of the accused's particularized need for that transcript at his retrial. Due effectuation of an indigent defendant's constitutional right to a free transcript of a prior trial would be disserved by allowing the prosecution to postpone until a defendant's appeal its litigation, disguised under the rubric of "harmless error," of the issue of the defendant's particularized need for that transcript.

Because of the disposition of this cause which must follow upon our conclusion that defendant's conviction is infected by per se reversible error, we do not reach defendant's other contentions on appeal.

The judgment is reversed.

McComb, J., Tobriner, J., Mosk, J., Sullivan, J., Clark, J., and Richardson, J., concurred.