[No. AO16596. First Dist., Div. One. Aug. 19, 1983.]

DONALD RUTKOWSKI, Plaintiff and Respondent, v.
THE MUNICIPAL COURT FOR THE SANTA CLARA JUDICIAL
DISTRICT OF SANTA CLARA COUNTY, Defendant and Appellant;
THE PEOPLE, Real Party in Interest and Respondent.

**COUNSEL**

Selby Brown, Jr., County Counsel, and Ann Miller Ravel, Deputy County Counsel, for Defendant and Appellant.

Sheldon Portman, Public Defender, and Barbara B. Fargo, Deputy Public Defender, for Plaintiff and Respondent.

No appearance for Real Party in Interest and Respondent.

**OPINION**

**WEINSTEIN, J.***—This appeal involves a dispute over which county agency will pay the bill for a trial transcript which must be provided to an indigent defendant charged with a misdemeanor.

The procedural history and facts are undisputed: Petitioner and respondent Donald Rutkowski is the defendant in a criminal action presently pending in the Santa Clara County Municipal Court charging violations of Penal Code sections 464-468 and 242. The matter proceeded to jury trial on October 29, 1981. A mistrial was declared on November 3, 1981, when the jury was unable to reach a verdict. On November 25, 1981, defendant moved the court for a free reporter's trial transcript to assist in preparation for retrial. The municipal court judge granted the motion in part by ordering that a transcript be prepared at no cost to defendant. The court further ordered the public defender's office to pay for the transcript out of its own budget.[1]

Defendant filed a petition for writ of mandate in the Santa Clara County Superior Court on January 19, 1982. The superior court granted a peremptory writ of mandate ordering the municipal court to have a trial transcript prepared and to pay for said transcript out of the municipal court budget. The Santa Clara Municipal Court (appellant) has appealed from the Santa Clara Superior Court writ ordering payment for the transcript out of the Santa Clara Municipal Court budget.

■   An indigent defendant is presumptively entitled to a full trial transcript in any further proceedings. (*Shuford* v. *Superior Court* (1974) 11 Cal.3d 903 [114 Cal.Rptr. 601, 523 P.2d 641]; *People* v. *Hosner* (1975) 15 Cal.3d 60, 69 [123 Cal.Rptr. 381, 538 P.2d 1141]; *Britt* v. *North Carolina* (1971) 404 U.S. 226 [30 L.Ed.2d 400, 92 S.Ct. 431].) The right to a free transcript for the indigent defendant Rutkowski in the proceedings below is *not* disputed in this appeal. ■   The sole issue presented is whether the superior court was correct in reversing the municipal court's *unconditional* order that the public defender pay for the transcript out of public defender funds. We agree with the superior court for the reasons stated below.

Government Code section 69952 vests in the courts the power to order the county to pay for a transcript. (*People* v. *Hollander* (1961) 194

---

*Assigned by the Chairperson of the Judicial Council.

[1]The municipal court's order of December 16, 1981, contained a finding that defendant did not have the present ability to pay for the transcript. The order concluded: "The transcript is to be billed to the Public Defender and paid for out of the Public Defender's budget."

Cal.App.2d 386 [14 Cal.Rptr. 917].) The relevant portions of section 69952 reads: "In criminal cases in which the court specifically so directs, the fee . . . for a transcript ordered by the court to be made shall be paid out of the county treasury on the order of the court."

The preparation of an indigent's transcript becomes a charge against the county treasury only when an order for its preparation is made by the judge. (*Hidalgo* v. *Municipal Court* (1954) 129 Cal.App.2d 244 [277 P.2d 36]; *County of San Diego* v. *Milotz* (1956) 46 Cal.2d 761 [300 P.2d 1].) Accordingly, it is the courts which hold the ultimate statutory power and have been vested with the responsibility to insure payment for transcripts provided to indigent defendants.

The recent case of *People* v. *Contreras* (1981) 127 Cal.App.3d 248 [176 Cal.Rptr. 589], held that section 69952 does not preclude the municipal court from first exploring alternative methods of public funding before consenting to payment by the court. But implicit in the alternative funding option in *Contreras* was the right of the defendant to return to the court for payment if no alternative funds were available.

No funding options were given to the public defender's office in this case. The public defender was ordered to pay for the transcript without reference to its ability to pay. In so ordering, the municipal court shifted its statutory responsibility to insure payment without establishing a rational fiscal alternative.[2] The superior court therefore acted properly in issuing the peremptory writ and we affirm its order.

The judgment is affirmed.

Newsom, Acting P. J., and Holmdahl, J., concurred.

---

[2]Nothing in this opinion should be construed to restrain a municipal court from exploring and implementing alternative rational funding options within its county for payment of transcripts provided to indigents. Since each county's funding mechanism is different this court need not indulge in any speculation as to what plan might be feasible, rational, and consistent with the court's ultimate responsibility to insure that payment is made through its powers under Government Code section 69952.