[No. A017626. First Dist., Div. One. Apr. 27, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
THERIS LEE COATS, Defendant and Appellant.

**COUNSEL**

Ann Hardgrove Voris, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Martin S. Kaye and Michael I. Mintz, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**RACANELLI, P. J.**—Defendant appeals a judgment of conviction of second degree burglary entered upon a jury's guilty verdict. Upon granting rehearing, we reverse the judgment under the authority of *People* v. *Hosner* (1975) 15 Cal.3d 60 [123 Cal.Rptr. 381, 538 P.2d 1141].

FACTS

The procedural facts essential to our determination may be briefly stated:

On February 10, 1982, an order of mistrial was entered due to the jury's inability to reach a verdict (the jury stood nine to three for acquittal) and the cause transferred to the master calendar department for resetting on February 18, 1982.

On February 18, 1982, the cause was continued for trial on April 12, 1982.

On April 6, 1982, defendant moved for a continuance of trial on the grounds that the transcript of the first trial, formally ordered prepared by the trial judge on March 30, 1982, was unavailable due to the reporter's illness; although no objection to a continuance was raised by the People based on the grounds stated by defense counsel, the motion was denied.

On April 12, 1982, defendant renewed his motion for continuance on the same grounds; the motion was again denied by the master calendar judge with the statement that the reporter "will be available for purposes of prior inconsistent statements and things of that nature, if . . . . [¶] . . . something should come up." Thereafter, trial commenced before the original trial judge.

## I

### *Hosner Error*

■ Relying on *People* v. *Hosner, supra,* 15 Cal.3d 60, defendant argues that denial of his timely motion for a continuance of trial requiring him to proceed to trial without benefit of a transcript of his first trial constituted per se reversible error. We agree.

In *People* v. *Hosner, supra,* 15 Cal.3d 60, our highest court—based on federal constitutional grounds—held that "[an indigent][1] defendant, upon his timely motion therefore, was presumptively entitled to a complete transcript of his first trial." (*Id.,* at p. 66, fn. omitted.) Further, that the erroneous denial of such a motion for a free transcript of a prior trial "requires automatic reversal." (*Id.,* at p. 70.)

Although the People candidly concede the "troubling question" presented by *Hosner,* we are invited to overlook its binding precedence and find any error to be harmless. We reject such invitation and follow that controlling precedent, as we are obliged to do. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937].)

Here, not only did defendant timely assert his request for a free transcript (as implicitly determined by the *same* trial judge in ordering the free transcript), but the People made no showing below to overcome the presumptive need and absence of adequate alternative devices. (*People* v. *Hosner, supra,* 15 Cal.3d 60, 66-69.) Nor can it be argued successfully that the master calendar judge's subsequent determination of untimeliness somehow legally superseded the trial judge's earlier determination of timeliness as well as defendant's entitlement.

Since the irrefutable effect of denying defendant's request for a continuance until the court reporter was able to prepare the required transcript constituted the legal equivalent of an improper denial of the transcript itself, the error is patent requiring reversal.

---

[1]There is no disagreement between the parties that defendant was, and remained, indigent throughout these proceedings.

In view of our determination, it is unnecessary to discuss defendant's remaining contentions unlikely to recur upon any retrial.

Elkington, J., and Newsom, J., concurred.