Filed 8/26/14  P. v. Smith CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B249351 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA121955) |
| v. | |
| DEL LAMONT SMITH, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael A. Cowell, Judge.  Reversed and remanded.

Mark S. Givens, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Shawn McGahey Webb and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Del Lamont Smith was charged with first degree residential burglary (Pen. Code, § 459)[1] and making criminal threats (§ 422).  In his first trial, in which he represented himself, the jury deadlocked on the burglary count and acquitted on the criminal threats count.  Before the retrial on the burglary count, in which appellant again represented himself, the trial court denied appellant's request for a transcript of the first trial.  On retrial, the jury convicted appellant of the lesser included offense of attempted first degree residential burglary (§§ 664/459), and found true four prior strikes (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), one prior serious felony conviction (§ 667, subd. (a)(1)), and one prior prison term (§ 667.5, subd. (b)).  The trial court sentenced him to a term of 30 years to life in prison (25 years to life under the Three Strikes law, plus 5 years for the serious felony conviction under section 667, subd. (a)(1)), and struck the prior prison term.

On appeal, appellant contends that the trial court erred in denying his request for the transcript of the first trial.  We agree.  (*People v. Hosner* (1975) 15 Cal.3d 60 (*Hosner*) [declaring that such error is reversible per se].)  We therefore reverse the judgment.


**FACTUAL AND PROCEDURAL BACKGROUND**

*Prosecution Evidence*

On October 5, 2011, Damon Jones, a sergeant with the Los Angeles County Sheriff's Department, was having his home in the City of Cerritos fumigated.  The fumigation company left a few windows in the rear of the house open approximately three inches for ventilation and placed a tent over the home between

---

[1]     All further statutory references are to the Penal Code.

4:30 and 6:00 p.m. Fearing that his home might be burglarized while tented, Jones parked his car in the driveway and approximately every hour walked around the perimeter of his home, carrying his flashlight, phone, and off-duty weapon.

Around 10:50 p.m., while walking around the rear of his home, Jones heard rustling sounds, voices, and something that sounded like a ladder inside the tent. He entered the back yard and noticed a slit in the tent that had not been there during his previous checks. He hid in some bushes, drew his weapon, and called the Cerritos sheriff's station. While on the phone, he saw appellant and two other men (one of whom was identified as Vincent Cooper) appear in the back yard. Jones did not see them emerge from the tent, but they were walking away from the area of the slit in the tent. The men looked at each other, "stared [Jones] down" for a few seconds, and began to run away toward the back wall of the property. Jones yelled at them to stop. Appellant turned and yelled, "I'll shoot you." Jones fired his weapon at appellant and began to pursue the men.

He grabbed Cooper off the wall, and they struggled for Jones' gun. Jones shot Cooper and began to chase appellant. He was able to grab appellant and, after a struggle, shot at him, striking him four times. Jones ran to his neighbor's house and asked him to call the Sheriff's Department.

The following day, Jones walked through his home and noticed that things had been disturbed, but nothing was missing. A window behind the slit in the tent had been opened enough for someone to go through it.

When Sheriff's Deputies searched outside Jones' house, they found scissors, a screwdriver, a box cutter, and some gloves, none of which belonged to Jones.

3

*Defense Evidence*

Appellant testified on his own behalf. He testified that his friend offered him some jumper balloons as a business opportunity, but he needed a blower to blow them up. He saw the tent over Jones' house and decided to take the blower. While he was trying to take the blower, he saw the other two suspects, but he did not know them.

*Procedural Background*

As we have noted, in his first trial, the jury acquitted appellant of making a criminal threat, and deadlocked on the residential burglary charge. On December 6, 2012, the trial court in which the case was tried declared a mistrial. The court calculated the last day for retrial under section 1382 as February 6, 2013 (the 60th day following the mistrial declaration), set a pretrial date of January 8, 2013 (day 32 of 60), and transferred the case back to the superior court department from which it originated.

In that department, before a different judge, a hearing was held on December 26, 2012, regarding various motions brought by appellant, who was representing himself. Among those motions was a request for a transcript of the first trial. The court initially "order[ed] that trial transcripts be prepared, testimony only," but added that "[w]e will need to continue this because they are going to need at least a month to prepare that. [¶] The case is set January 8th [as 32 of 60]. We'll need to put this over I would suggest into February." Appellant protested (incorrectly) that the January 8th date was "supposed to be 0 of 30," and that the trial date was to be February 18, 2013. The court stated: "If you want a transcript order – you've got to choose between – all right. We can leave it on that date, January 8th, 0 of 60. [¶] But that's pointless. We are ordering a transcript. It

won't be ready by January 8th. We're going to need a month to get the transcript. So let's pick a date about a month from now." Appellant refused to waive time. The court then stated: "Then the request for transcript is denied. [¶] The matter will remain January 8th as previously set, 32 of 60." Appellant asked: "If I don't have it the district attorney won't have it?" The court replied: "Nobody gets it. If you want it I'll grant it but we can't just snap our fingers and create it."

At the pretrial hearing on January 8, 2013, the court set a trial date of February 1 as day 56 of 60. Appellant raised the issue of the prior denial of his request for a transcript, based on his refusal to waive time. He again stated incorrectly that the January 8, 2013 pretrial was 0 of 30, and that the trial had been set for February 18. He asked why he would have to waive time, if his trial date was February 18. The court replied, "Because we can't get transcripts prepared in the convenient time that you want." Appellant protested: "But it's February 18th. That's what I'm saying, Your Honor." The court stated: "I'm not arguing with you, sir. See you on February 1st."

On February 1, 2013, the case was trailed to February 4 for trial. On the latter date, it was called for trial and jury selection began. Outside the jury's presence, appellant again raised the issue of the trial transcript. Appellant stated that the prosecutor had given the defense investigator a transcript of appellant's testimony from the prior trial. Appellant complained that he had read the transcript and found it incomplete. The prosecutor responded that he had asked the court reporter to transcribe appellant's testimony from the first trial, and that he believed the transcript was complete and accurate. Appellant asked why the prosecutor would be allowed to use the transcript. The court replied that "[t]he problem is the court never ordered the transcript. This is a courtesy from the People. . . . [H]e's giving it to you. He ordered it and it's a courtesy." Appellant also argued that he

5

needed the transcript of the entire trial in order to cross-examine witnesses properly, especially the fumigation company employee, but the court declined to revisit the issue.

## DISCUSSION

Appellant contends that the trial court erred in denying his request for the transcript from his first trial. We agree.

Relying primarily on *Britt v. North Carolina* (1971) 404 U.S. 226, the California Supreme Court in *People v. Hosner, supra,* 15 Cal.3d 60 held that an indigent defendant is presumed to have a particularized need for a complete transcript of a prior trial for use in a retrial on the same charges. On a timely motion for such a transcript, the trial court must grant the motion, unless the prosecution overcomes the presumption. (*Id.* at p. 66; see *People v. Markley* (2006) 138 Cal.App.4th 230, 240; *People v. Tarver* (1991) 228 Cal.App.3d 954, 957 (*Tarver*).) The Supreme Court further held that any error in denying such a motion is reversible per se. (*Hosner, supra*, 15 Cal.3d at p. 70.)

In the instant case, there is no dispute that appellant is indigent. Moreover, his motion for a transcript of his prior trial was timely – it was made on December 26, 2012, 40 days before the last day for trial, February 6, 2013. Assuming that the trial court was correct in stating that it would take approximately 30 days to obtain the transcript, there were still 40 days until the last day for trial. (See *People v. Vaughn* (1981) 124 Cal.App.3d 1041, 1043, 1045 (*Vaughn*) [request for transcript three weeks prior to retrial was timely].) Thus, it was premature for the trial court to assert that it would not grant the request for the transcript unless appellant waived time.

6

Respondent contends that appellant's request on December 26, 2012, was not timely, because there would have been a delay caused by the holiday season, the need to coordinate with two court reporters, and appellant's need to review the transcript once he received it. However, the record is silent as to these concerns; as of December 26, 2012, they were entirely speculative. Moreover, even if these issues had been raised, the more reasonable way to handle them was not to deny the otherwise timely request for a transcript, but to order the transcript and leave it to appellant to make a timely motion to continue if the transcript was delayed and he needed additional time to review it. Also, we note that the prosecutor obtained a transcript of appellant's testimony prior to the retrial, a fact that, without any further explanation in the record, tends to undercut the notion that a transcript of the full trial could not have been timely prepared.

As we have discussed, the erroneous denial of appellant's request for the transcript requires automatic reversal. (*Hosner*, *supra*, 15 Cal.3d at p. 70; *Tarver*, *supra*, 228 Cal.App.3d at p. 957; *Vaughn*, *supra*, 124 Cal.App.3d at p. 1046.) We therefore reverse the judgment.

**DISPOSITION**

The judgment is reversed and the matter is remanded to the trial court.[2]

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, J.

We concur:

EPSTEIN, P. J.

EDMON, J.*

---

[2]     In light of our decision, we do not address appellant's argument regarding the calculation of his presentence custody credits.

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.