[L.A. No. 30850. May 8, 1979.]

DANA SMITH SHERWOOD, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Edwin S. Saul for Petitioner.

No appearance for Respondent.

Cecil Hicks, District Attorney, Michael R. Capizzi, Assistant District Attorney, Oretta D. Sears and John D. Conley, Deputy District Attorneys, for Real Party in Interest.

OPINION

MOSK, J.—This is a petition for original writ of mandate to compel dismissal of an indictment or, in the alternative, to order a postindictment preliminary hearing.

On June 30, 1973, a felony complaint was filed charging petitioner and two codefendants with conspiracy to sell narcotics and possession of marijuana for sale. All three defendants appeared in court and a preliminary hearing was set. On the date of the latter, however, petitioner failed to appear and the matter was continued. When petitioner again failed to appear, a bench warrant issued. On October 3, 1973, the district attorney presented the case to the grand jury, which returned an indictment charging all three defendants with the above crimes. The two codefendants were arraigned, made an unsuccessful motion to suppress the evidence, pleaded guilty, and were sentenced. Petitioner remained at large.

On May 3, 1977—almost four years after the complaint was filed—petitioner was apprehended on the bench warrant. He appeared and moved for a dismissal of the indictment or, in the alternative, for a postindictment preliminary hearing. At some time prior to May 19, 1977, the district attorney voluntarily obtained a dismissal of the complaint. On that date petitioner was arraigned on the indictment, and trial was set for July 18, 1977. On June 10, however, petitioner's motion for dismissal or a preliminary hearing was heard and denied, and he sought review by writ of mandate. We granted an alternative writ and issued a stay.

■ The principal contention of the petition is, in effect, that an indicted defendant is denied equal protection of the laws under the California Constitution unless he is given the right to a postindictment preliminary hearing upon request. We so held in *Hawkins* v. *Superior Court* (1978) 22 Cal.3d 584 [150 Cal.Rptr. 435, 586 P.2d 916]; but in view of the prior official reliance on contrary procedures, we declared (at p. 594) that the new rule "shall apply only . . . to those indicted defendants who have not entered a plea at the time this opinion becomes final."

The record in the superior court reveals that petitioner entered a not guilty plea to each count of the indictment on May 19, 1977.[1] *Hawkins* became final on December 13, 1978. By its terms, therefore, its rule is inapplicable to petitioner, and the trial court did not err in denying his motion for a postindictment preliminary hearing.

■ In the alternative, petitioner attacks the indictment itself on two grounds. First, he complains that the district attorney violated *Johnson* v. *Superior Court* (1975) 15 Cal.3d 248, 255 [124 Cal.Rptr. 32, 539 P.2d 792], by withholding assertedly exculpatory evidence from the grand jury. The point is neither properly before us nor meritorious. ■ A defendant seeking review of a ruling of the trial court by means of a petition for extraordinary writ must provide the appellate court with a record sufficient to permit such review. (*Krueger* v. *Superior Court* (1979) 89 Cal.App.3d 934, 938 [152 Cal.Rptr. 870]; *Thompson* v. *Superior Court* (1968) 262 Cal.App.2d 98, 106 [68 Cal.Rptr. 530]; see *Morelli* v. *Superior Court* (1969) 1 Cal.3d 328, 333 [82 Cal.Rptr. 375, 461 P.2d 655].) The record must if possible be lodged with the appellate court at the time the original petition for writ is filed. To be adequate, such a record should ordinarily include any written motion and opposition thereto together with their respective points and authorities, any relevant pleadings or

---

[1]We take judicial notice of this record. (Evid. Code, § 452, subd. (d).)

reporter's transcripts, and any written dispositive order. Whenever the consideration of an exhibit is necessary for a complete understanding of the case, a copy thereof must also be furnished. And each item in the record, of course, must be legible.

In the present matter petitioner has provided only his motion and the People's opposition thereto; he has failed to furnish us with transcripts of either the grand jury proceeding or the hearing on his motion, and without those transcripts the record is insufficient to permit review of his *Johnson* claim.

■ In any event, even if the record were adequate the claim would be untenable: the *Johnson* rule is not retroactive (*People* v. *McAlister* (1976) 54 Cal.App.3d 918, 925-926 [126 Cal.Rptr. 881]), and this indictment predated *Johnson* by two years.

■ Second, petitioner contends that because the relevant constitutional provision speaks in the disjunctive in authorizing prosecution of felonies "either by indictment or . . . by information" (Cal. Const., art. I, § 14; see also Pen. Code, § 737), the grand jury lacked jurisdiction to indict him while a complaint was pending against him on the same charge. The argument is untenable. The quoted constitutional language is merely descriptive of the two available methods of felony prosecution in California; it does not purport to prescribe the details of the procedures to be followed in either or to limit the district attorney's discretion in the manner now claimed by petitioner. The same contention, indeed, has already been held to be without merit. (*People* v. *Collins* (1922) 60 Cal.App. 263, 270 [212 P. 701] ("Of course, there is absolutely nothing in this point"); accord, *People* v. *Diaz* (1962) 206 Cal.App.2d 651, 662-663 [24 Cal.Rptr. 367], disapproved on other grounds in *People* v. *Perez* (1965) 62 Cal.2d 769, 776 [44 Cal.Rptr. 326, 401 P.2d 934].) And a similar federal rule seems firmly settled. (See, e.g., *Byrnes* v. *United States* (9th Cir. 1964) 327 F.2d 825, 834, cert. den., 377 U.S. 970 [12 L.Ed.2d 739, 84 S.Ct. 1652].)

It follows that petitioner is not entitled to the relief prayed for.

The alternative writ is discharged and the peremptory writ denied.

Bird, C. J., Tobriner, J., Clark, J., Richardson, J., Manuel, J., and Newman, J., concurred.