[No. A061830. First Dist., Div. Three. Dec. 10, 1993.]

RAYNA R., Petitioner, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;
SAN MATEO COUNTY DEPARTMENT OF HUMAN SERVICES et al.,
Real Parties in Interest.

[No. A061831. First Dist., Div. Three. Dec. 10, 1993.]

JOSEPH R., Petitioner, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;
SAN MATEO COUNTY DEPARTMENT OF HUMAN SERVICES et al.,
Real Parties in Interest.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part III.

## COUNSEL

Robert E. Daye and Craig R. Morey for Petitioners.

No appearance for Respondent.

Thomas F. Casey, County Counsel, Beth Labson Freeman, Deputy County Counsel, and Robert L. Walker for Real Parties in Interest.

## OPINION

**CHIN, J.**—In 1988 the Legislature established that a petition for an extraordinary writ, not an appeal, is the proper vehicle for immediately challenging a decision to institute proceedings to terminate parental rights made at a juvenile court permanency planning hearing. (Welf. & Inst. Code, § 366.25, subd. (j), added by Stats. 1988, ch. 1075, § 6, p. 3475; see *In re Matthew C.* (1993) 6 Cal.4th 386, 398-399 [24 Cal.Rptr.2d 765, 862 P.2d 765].)[1] Effective January 1, 1993, the Judicial Council approved a form designed to facilitate filing these statutory writ petitions and similar petitions authorized by section 366.26, subdivision (k). The two petitions before us use the form and present important procedural issues not resolved by the Legislature or by prior appellate decisions.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

In this opinion, we address confusion existing in superior courts and among trial counsel over appointment of counsel for indigent petitioners and over preparation of the record in these writ proceedings. We consider whether counsel appointed for proceedings in superior court should also be responsible for writ petitions and whether the county is obligated to pay for transcripts required for review by this court. We conclude attorneys appointed by the superior court should also, under that appointment, present any petitions to this court. We determine that the county is obligated to pay for reporter's transcripts required by the indigent petitioners.

We also remind litigants and counsel: (1) the form must be accompanied by an adequate record, as defined by *Sherwood* v. *Superior Court* (1979) 24 Cal.3d 183, 186 [154 Cal.Rptr. 917, 593 P.2d 862], and California Rules of Court, rule 56(c); and (2) filling out the brief form may not meet a litigant's burden of showing trial court error.

Finally, in the unpublished portion of this opinion, we consider the merits of each petition and conclude the superior court rulings were correct.

### I. *Steps Taken by the Parties and by This Court*

On May 24, 1993, petitioners Rayna R. and Joseph R., through counsel, filed two separate petitions in this court on forms designated, "Judicial Council of California JV-825 (New January 1, 1993)." Rayna and Joseph challenged an order setting a hearing under section 366.26 to consider termination of their parental rights to their daughter, Regina H. They asserted that reunification services were inadequate, that insufficient evidence was presented, that the finding of detriment to Regina was insufficient, and that no showing was made of a substantial risk to Regina. Although Rayna and Joseph each provided a very brief summary of facts and attached some supporting documents, neither provided a reporter's transcript or points and authorities.

Rayna and Joseph stated, "Trial court has refused to order transcript made. Therefore, opening brief has not yet been prepared." They each made a request for appointment of counsel by this court, specifically requesting appointment of the same attorney currently representing each of them in superior court. Both Rayna and Joseph sought a stay of the section 366.26 hearing set for June 9, 1993.

Three days later an attorney representing de facto parents Roger and Michelle H. filed preliminary opposition to the two petitions. Roger and Michelle H. objected to the petitions both on the merits and because Rayna

and Joseph had not complied with requirements stated in California Rules of Court, rule 56(c), regarding records required to support writ petitions.

The following day, county counsel also filed opposition on behalf of the San Mateo County Department of Human Services, Youth and Family Services Division (the Department). The Department objected to the record provided by Rayna and Joseph and to verifications by counsel without a showing the parties themselves were not available to verify. The Department also supported the decision on the merits.

Shortly thereafter, responding to questions from our clerk, counsel for Rayna and Joseph filed declarations stating that they had been appointed to represent Rayna and Joseph in superior court proceedings on May 23, 1991, and had represented them ever since. Counsel implied that their appointments were limited to proceedings in superior court. One attorney explained that the San Mateo County Private Defender Program, under which they were appointed, had no procedure for handling this type of appellate relief. Counsel therefore approached the First District Appellate Project in San Francisco (which has contracted to provide counsel for indigent criminal appeals to this court), but that office declined to assist. The private defender program then designated trial counsel as the attorneys for Rayna and Joseph on the petitions for extraordinary writ.

Counsel also presented a declaration by the superior court commissioner who made the challenged ruling. The declaration stated that, at Rayna's and Joseph's requests, the commissioner initially instructed her court reporter to prepare a transcript but, because no declaration of indigency had been presented with the request, and it was not clear whether the private defender program would assume the financial burden of paying for the transcript, she advised the court reporter to suspend preparation of the transcript. She then advised counsel they would have to follow "a different procedure for obtaining the transcript . . . ."

On June 4, 1993, after reviewing these documents and declarations, we issued an order staying the section 366.26 hearing, denying the request to appoint trial counsel for these proceedings, and ordering the superior court to direct preparation of the reporter's transcript at county expense. We set a schedule for completing the transcript and for filing points and authorities in this court. Having received the transcript and points and authorities from all parties, we address the various procedural and substantive issues.

## II. *How Should the Parties and Courts Proceed?*

### A. *Appointment of Counsel*

The natural starting point for our procedural inquiry is appointment of counsel. The typical litigant, facing impending proceedings to terminate

parental rights, will need counsel to negotiate the procedural complexities and to analyze the emerging and evolving decisional authority on permanency planning. (Cf. *In re Emilye A.* (1992) 9 Cal.App.4th 1695, 1709-1711 [12 Cal.Rptr.2d 294].) If a petitioner is indigent, appointment of counsel will be required. (§ 317.) ■ We consider whether the superior court appointment encompasses writ petitions filed under sections 366.25, subdivision (j), and 366.26, subdivision (k), or whether an appointment by this court is required. We conclude the original appointment implicitly applies to pretrial writ petitions.

Three factors influence our decision: (1) the familiarity of superior court counsel with the case, (2) the Legislature's implied intention that writ proceedings not cause delay in proceedings to terminate parental rights, and (3) the inherent conflict of simultaneous representation by two attorneys, one of whom may be required to challenge the actions of the other.

Under the statutory scheme, permanency planning begins when a child is declared a ward of the court and removed from the parents' custody. The court must make orders regarding reunification services and advise parents that their rights may be terminated if they do not reunify within 12 months. Every six months, the juvenile court must review the case. By statute, it is presumed the child will be returned to parental custody. If the child is not returned to the parents at the 18-month review, the court must set the matter for a hearing to select and implement a permanent plan, which may be termination of parental rights and adoption. (See *Cynthia D.* v. *Superior Court* (1993) 5 Cal.4th 242, 248-249 [19 Cal.Rptr.2d 698, 851 P.2d 1307].)

If parental rights are terminated, a litigant may appeal the decision. (§ 395.) However, before terminating parental rights, the court will have determined that the minor cannot be returned home and that reunification efforts should not be pursued, or, if pursued, should end. (*Cynthia D.* v. *Superior Court, supra,* 5 Cal.4th at p. 250.) These intermediate decisions may be challenged by extraordinary writ, authorized by sections 366.25, subdivision (j), and 366.26, subdivision (k).

Trial counsel is in the best position to understand the importance of the court's rulings, the probability the court has erred, and the likelihood of success in the appellate courts. Trial counsel should be able to determine, before preparation of a record, where the trial court erred and should be able to begin immediately to prepare a timely, focused attack on the ruling. New counsel would have to wait for preparation of the record, digest it fully, and consult trial counsel before beginning to prepare a writ petition. In view of the requirement the selection and implementation hearing pursuant to section

366.26 be held within 120 days, the Legislature could not have intended that new counsel file writ petitions. (§§ 361.5, subd. (f), 366.21, subds. (e), (g), 366.22, subd. (a).)[2]

Intractable problems would arise if new counsel were appointed for the writ petition and suspected ineffective representation by trial counsel, who still represented the client in matters pending in superior court. New counsel would find it difficult to explore these questions without interfering with the ongoing attorney-client relationship and breaching confidences between client and trial counsel. If new counsel concluded trial counsel was performing below standards, this court or the superior court would have to decide whether and when to remove trial counsel. The Legislature cannot have intended to create such problems when it authorized writ review for orders for selection and implementation hearings.

## B. *Payment for the Record*

Appointment of counsel resolved, we turn to the record in a writ proceeding. ■ Counsel, in compliance with California Rules of Court, rule 56(c), and *Sherwood* v. *Superior Court, supra,* 24 Cal.3d at page 186, must determine what documents to present to the appellate court and must arrange to file them. A formal "clerk's transcript" (Cal. Rules of Court, rule 5) is not required. The documents may be copied from counsel's file of the case. However, a petitioner will require immediate preparation of a reporter's transcript of proceedings pertinent to the legal challenge.

■ The record here reflects that the commissioner first ordered preparation of a transcript, then rescinded her order. The record does not show why she rescinded the order, except that no declaration of indigency had been presented at the time of the request. There is no evidence that Rayna and Joseph were no longer indigent; in fact, the commissioner's failure to revoke appointment of counsel suggests that Rayna and Joseph were still impecunious. Either the commissioner belatedly decided to invoke a technicality, or she reconsidered her earlier conclusion that the county budget should pay for the transcript. She advised counsel to use "a different procedure for obtaining the transcript," but did not say what procedure.

We conclude that, whether invoking a technicality or relieving the county of responsibility for paying for the transcript, the court erred. We have

---

[2]Nor did the Legislature intend that parents wait nearly two months before filing writ petitions, as did Rayna and Joseph here. An aggrieved parent must file the writ petition as soon as possible after the ruling, preferably within one to three weeks. (See *In re Michelle M.* (1992) 4 Cal.App.4th 1024, 1031 [6 Cal.Rptr.2d 172].)

already ordered preparation of the record at county expense. If the court needed a declaration of indigency, the court should have permitted counsel to furnish one. If the court decided the county was not required to pay for the transcript, the court was wrong.

Government Code section 69952, subdivision (a), provides in pertinent part: "The court may specifically direct the making of a verbatim record and payment therefor shall be from the county treasury on order of the court in the following cases: [¶] (1) Criminal matters. [¶] (2) Juvenile proceedings. [¶] (3) Proceedings to declare a minor free from custody. . . ." Read in conjunction with the requirements for an adequate record to support a writ petition, this section dictates that the county pay for transcripts supporting writ petitions under section 366.25, subdivision (j). (Cf. *Huffman* v. *Superior Court* (1990) 219 Cal.App.3d 1480, 1483-1484 [269 Cal.Rptr. 12]; *Rutkowski* v. *Municipal Court* (1983) 146 Cal.App.3d 248, 250-251 [194 Cal.Rptr. 88].) Petitioners unable to afford counsel should be provided free transcripts. (Cf. § 395.)

### C. *Judicial Council Form No. JV-825*

 Judicial Council form No. JV-825 provides a starting point for challenging an order setting a hearing to select and implement a permanent plan. However, filling out the form will not satisfy the requirements for a petition for writ of mandate.

### 1. *The Record*

California Rules of Court, rule 56(c), provides that a writ petition "shall be accompanied by a record adequate to permit review of the ruling" and identifies various required documents. It also provides: "If a petitioner does not submit the required record and explanations or does not present facts sufficient to excuse the failure to submit them, the court may summarily deny the stay request, the petition, or both." The rule restates the requirements set forth by the California Supreme Court in *Sherwood* v. *Superior Court, supra*, 24 Cal.3d at page 186.

Rayna and Joseph attached only a few documents to their form No. JV-825 petitions. Although they explained their reasons for not providing a reporter's transcript, they did not comply with California Rules of Court, rule 56(c); they did not summarize what took place during the oral proceedings. Nor did they attach the documents submitted to the superior court supporting and opposing their position. Under *Sherwood* and rule 56(c), we could have denied the petitions for presenting an inadequate record. We

excused compliance because, by failing to mention these requirements, the form may have misled them.

### 2. *Points and Authorities*

Rayna and Joseph filed short petitions without any citation to authority. Perhaps because they lacked a reporter's transcript, they summarized extensive proceedings in a few paragraphs. Their failure to explain the case fully suggests an assumption that appellate court writ practice is the same as in superior courts. This assumption is inaccurate. (Compare Cal. Civil Writ Practice (Cont.Ed.Bar 1987) ch. 9, pp. 331-378, with *id.*, ch. 10, pp. 379-450.) ■ Occasionally an appellate court will issue an alternative writ upon a minimal showing. However, generally an alternative writ will issue only if the appellate court is convinced the superior court erred or the issues raised warrant full consideration in a written opinion. A slight or prima facie showing is generally insufficient. Litigants seriously seeking relief by extraordinary writ must present a comprehensive statement of the facts and procedures and points and authorities. (Cal. Civil Writ Practice, *supra*, §§ 2.16, 4.16, pp. 61-62, 119-120; Cal. Rules of Court, rule 56(b).)

■ Rayna and Joseph may have used the Judicial Council form merely to start the writ process, expecting to follow it with the appellate record and points and authorities. Litigants are cautioned not to treat the form as a statement of intention to petition the Court of Appeal for relief. Otherwise, we may be forced either to deny the insufficient petitions outright or to become mired in opposition briefs complaining about procedures, in requests to file supplemental points and authorities, and in calls to and from our clerks seeking to bring the documents into conformance with writ requirements. We may find the well-established procedures for seeking writ review replaced by a confusing exchange of documents, inquiries, and instructions.

We emphasize litigants must not be misled by the brevity of form No. JV-825 into assuming that normal rules for writ petitions do not apply to petitions arising under sections 366.25, subdivision (j), and 366.26, subdivision (k). Insofar as the form facilitates the required presentation, it will be useful. However, filling out a few sections on a four-page form usually will not meet the well-established requirements for writ relief. (See Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 1993) ¶¶ 15:167-15:212, pp. 15-38.12–15-43; Cal. Civil Writ Practice, *supra*, ch. 7, pp. 249-306.)

III. *The Merits of the Petitions*\*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

IV. *Disposition*

The two petitions for writ of mandate are denied.[3] The stay issued June 4, 1993, is dissolved.

Merrill, Acting P. J., and Werdegar, J., concurred.

---

\*See footnote, *ante*, page 1398.
[3]Because we have not issued an order to show cause or alternative writ, this decision is final as to this court immediately after filing. (Cal. Rules of Court, rule 24(a).)