*671 GEORGE, C. J.
I concur in the holding of the majority that Business and Professions Code section 2337 (section 2337) does not violate article VI, section 11, of the California Constitution. Appellate review of superior court judgments entered upon review of administrative orders revoking, suspending, or restricting a physician’s license to practice medicine may be limited to review by petition for extraordinary writ without violating the appellate jurisdiction clause of the California Constitution.
I would analyze the issue, however, in the manner explained in my concurring opinion in Powers v. City of Richmond (1995) 10 Cal.4th 85 [40 Cal.Rptr.2d 839, 893 P.2d 1160] (Powers). There I cautioned against any holding that would permit the Legislature to undertake wholesale replacement of direct appeal with review by extraordinary writ (id. at pp. 116, 124 (conc. opn. of George, J.)), thereby “restructur[ing], in a fundamental manner, the operation of the state’s appellate process.” (Id. at p. 117.) Focusing upon the authority of the appellate courts, the concurring opinion suggested that legislation might violate article VI, section 11, of the California Constitution if it transformed the Court of Appeal “from an appellate tribunal whose duties generally involve the resolution of cases in which litigants have a direct appeal ‘as a matter of right’—and in which most decisions must be rendered ‘in writing with reasons stated’ [citation]—into an appellate court whose jurisdiction consists entirely of writ review and as to which the court has no obligation to resolve any of the cases before it by a written decision setting forth the reasons for its ruling.” (Powers, supra, 10 Cal.4th at p. 116 (conc. opn. of George, J.), italics in original.)
In addition, the concurring opinion suggested that in some instances, from the perspective of the parties to an action, “the nature or subject matter” under review or “the nature of the particular rights or interests at stake” might signify that “adequate appellate review” could be provided “only by direct appeal, and not by extraordinary writ.” (Powers, supra, 10 Cal.4th at p. 121 (conc. opn. of George, J.), italics omitted.) The concurring opinion also suggested that the wholesale elimination of direct review from entire classes of cases could implicate not only the authority of the appellate courts, but also the rights of the parties, (Id. at p. 124.)
I agree with the majority in the present case that there is no basis for concluding that the judicial power of the appellate courts is impaired when review of judgments in administrative mandate actions in cases of physician discipline is limited to extraordinary writ. This restriction affects only a very narrow class of cases, and the essential function of the reviewing court is not threatened. There is no claim that the instances in which the Legislature has provided for writ review of lower court orders and judgments are so numerous that cumulatively the appellate process has been transformed to an *672 extent that the exercise of the power of the appellate courts has been impaired. Further, the judicial power of the appellate courts is exercised effectively when review is sought by extraordinary writ. (See Powers, supra, 10 Cal.4th at pp. 113-114 (lead opn. of Kennard, J.).) Indeed, the provision limiting plaintiffs to writ review does not limit the record that the appellate court may consider. The administrative proceeding is recorded (Gov. Code, § 11512, subd. (d)), and this record generally is submitted to the superior court with a petition for administrative mandate (Code Civ. Proc., § 1094.5, subd. (a); Alford v. Pierno (1972) 27 Cal.App.3d 682, 691 [104 Cal.Rptr. 110]) and normally also would be presented to the Court of Appeal. (See Sherwood v. Superior Court (1979) 24 Cal.3d 183, 186-187 [154 Cal.Rptr. 917, 593 P.2d 862].) This provision does not limit the time the Court of Appeal may choose to devote to the evaluation of the writ petition. Further, in any case in which the Court of Appeal’s assessment of the petition leads it to conclude that the petition may have merit, the appellate court may issue an alternative writ and obtain additional briefing and oral argument. Thus, from the point of view of the Court of Appeal, there is no indication that writ review under section 2337 would prevent that court from exercising its appellate power effectively.
With respect to the additional concern noted in the concurring opinion in Powers—the rights of the litigants—section 2337 is within the constitutional latitude recognized by that opinion in permitting legislative innovation, since the statutory provisions are “compatible with the particular issue or ruling subject to review and . . . serve to promote a fair and efficient judicial system.” (Powers, supra, 10 Cal.4th at p. 123 (conc. opn. of George, J.).) The restriction on appellate review serves a significant public interest in the speedy removal of incompetent physicians from the practice of medicine. (See Kees v. Medical Board (1992) 7 Cal.App.4th 1801, 1813 [10 Cal.Rptr.2d 112] [government has a pressing need to protect the public from the risk of harm presented by physicians who cannot practice medicine safely].) Moreover, the statutory procedure for reviewing an administrative decision revoking, suspending, or modifying a physician’s license to practice medicine includes what is essentially the equivalent of a direct appeal—the physician is afforded the right to a full and complete hearing at the administrative level, and then has the right to obtain review of the administrative decision through administrative mandate in the superior court.
Plaintiffs, relying upon language in the concurring opinion in Powers, supra, 10 Cal.4th at page 121, contend that with respect to both “the nature of the subject matter” and “the nature of the particular rights at stake,” section 2337 is distinguishable from the California Public Records Act (Gov. Code, § 6250 et seq.) provision at issue in Powers, and that in light of these *673 distinctions it is appropriate to conclude that adequate appellate review may be provided only by direct appeal and not by extraordinary writ. It is true, as plaintiffs maintain, that the right to practice their profession is a vested right (see Unterthiner v. Desert Hospital Dist. (1983) 33 Cal.3d 285, 297 [188 Cal.Rptr. 590, 656 P.2d 554]), the deprivation of which has great significance to the affected individual. It is also true, as plaintiffs contend, that the proceedings resulting in a disciplinary sanction in many instances may be significantly more protracted, and more factually and legally complex, than those presented in a typical California Public Records Act controversy. And it is also true that, unlike the California Public Records Act provisions at issue in Powers, section 2337—though similarly intended to speed the resolution of litigation through the substitution of writ review for direct appeal—was not enacted to promote the interests of the affected parties, in this instance, physicians.
Nonetheless, certain factors weigh heavily against plaintiffs’ claim that extraordinary writ review in the Court of Appeal does not afford adequate appellate review in the cases to which section 2337 applies. First, although plaintiffs undoubtedly possess a very significant interest in continuing to practice their profession, this interest properly is subject to legislative control. As we have observed, “ ‘[t]he general right to engage in a trade, profession or business is subject to the power inherent in the state to make necessary rules and regulations respecting the use and enjoyment of property necessary for the preservation of the public health, morals, comfort, order and safety .... [Citation.] No person can acquire a vested right to continue, when once licensed, in a business, trade or occupation which is subject to legislative control under the police powers.’ ” (Hughes v. Board of Architectural Examiners (1998) 17 Cal.4th 763, 790 [72 Cal.Rptr.2d 624, 952 P.2d 641].)
Moreover, in the California Public Records Act action at issue in Powers, the superior court proceeding that was subject to review by extraordinary writ was the initial and only proceeding to address the litigants’ California Public Records Act claim. By contrast, the proceedings to. which section 2337 applies are administrative mandate proceedings, in which, as noted, the superior court itself essentially provides a direct appeal from extensive quasi-judicial administrative proceedings. In a manner consistent with their significant interest in continuing to practice their profession, physicians are afforded a panoply of procedural safeguards at the administrative level, and the hearing before the administrative law judge is in many respects comparable to an initial trial before a superior court in an ordinary civil action. When a physician challenges a decision of the administrative law judge that has been adopted by the medical board, the parties may file the entire *674 administrative record with the superior court (Code Civ. Proc., § 1094.5, subd. (a)), and that court determines whether the administrative body “has proceeded without, or in excess of jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion.” (Code Civ. Proc., § 1094.5, subd. (b).) If it is claimed that the administrative findings are not supported by the evidence, the court exercises its independent judgment. (Code Civ. Proc., § 1094.5, subd. (c); Yellen v. Board of Medical Quality Assurance (1985) 174 Cal.App.3d 1040, 1057-1058 [220 Cal.Rptr.2d 426].) In addition, the parties are entitled to a written decision upon request. (Code Civ. Proc., § 632.)
It is evident, accordingly, that the superior court entertains what is closely comparable to a direct appeal from the administrative decision. In this setting, the further appellate review that the physician may seek in the Court of Appeal provides a second check on any possible error. Accordingly, because the superior court already will have reviewed the administrative record in the manner described, the distinctions drawn by plaintiffs between California Public Records Act proceedings and the proceedings to which section 2337 applies do not demonstrate that limiting appellate review in the present context to extraordinary writ review imposes any greater intrusion on a party’s interests in adequate appellate review than tide procedures applicable in the California Public Records Act context.
In light of the extensive protections afforded physicians at the administrative level and, most particularly, at the superior court level, and considering the important public interest in imposing timely discipline upon physicians, I believe that exclusive review of a superior court judgment in an administrative mandate proceeding by extraordinary writ in these circumstances is “compatible with the particular issue or ruling subject to review and . . . , at the same time, serve[s] to promote a fair and efficient judicial system.” (Powers, supra, 10 Cal.4th at p. 123 (conc. opn. of George, J.).)
Having expressed these views, in future cases I shall be bound by the broader rule established by the majority in the present case.