Filed 8/22/25  Li v. Tzen CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| CHANGJIAO LI et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> SHIRLEY TZEN et al., <br><br> Defendants and Respondents. | B333693 <br><br> Los Angeles County Super. Ct. No. 22AHCV00125 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Margaret L. Oldendorf, Judge. Affirmed.

Changjiao Li and Haibo Zhou, in pro per., for Plaintiffs and Appellants.

Shirley Tzen, in pro per., for Defendants and Respondents.

Appellants and plaintiffs Changjiao Li and her son, Haibou Zhou, sued their landlord, Shirley Tzen (Tzen) for breach of contract. They also asserted an intentional tort cause of action against Tzen, her husband, Michael Tzen, and her son, Leo Wang.[1] Following a bench trial, the trial court entered judgment for defendants, finding plaintiffs failed to prove the essential elements of their asserted claims. We affirm.

## BACKGROUND

Plaintiffs live in the back unit of a dwelling located at 8508 Fransden Street in San Gabriel. Zhou testified that they rented the unit from Tzen for $1,000 per month, which included utilities. Until April 2021, Tzen lived in the front unit at the same address.

Plaintiffs' complaint catalogues a long list of grievances against defendants. In their breach of contract cause of action, they allege Tzen breached a lease by removing a gate they used, blocking their unit's exit and parking spaces, threatening to shut off their power, refusing to pay for their internet service, and failing to repair their washing machine. In their intentional tort cause of action, they allege defendants harassed them in various ways, which resulted in "great mental stress" causing their "health conditions . . . [to] deteriorate[ ] sharply." For example, Li claims that the harassment caused her body to "exhale quite unpleasant smell."

At the conclusion of the bench trial, the trial court ruled in defendants' favor. With respect to their breach of contract claim,

---

[1] Xiangrui Zhou, Haibo Zhou's father, is also named as a plaintiff in the complaint. Before the trial, he died and was dismissed by the trial court.

the court found that plaintiffs failed to prove the elements of the existence of a contract and breach of contract. As to their intentional tort claim, the trial court found plaintiffs did not meet their burden of showing any action by defendants "caused any personal injury to either plaintiff." The court noted that plaintiffs "sought to offer into evidence some information about [their] medical conditions and problems," but determined that, "[i]n the absence of some competent medical or other expert testimony, the court [wa]s unable to draw any conclusions that any of th[e] . . . problems at the premises caused any personal injuries."

Following entry of judgment against them, plaintiffs timely[2] appealed.

## DISCUSSION

### I. Standard of Review

After a bench trial, we review questions of law de novo and the trial court's factual findings under the substantial evidence standard. (*Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 981.) Where, as here, an appellant challenges the trial court's determination that the appellant failed to carry his or her burden of proof at trial, "the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law. [Citations.] Specifically, the question becomes whether the appellant's evidence was (1) 'uncontradicted and unimpeached' and (2) 'of such a character and weight as to leave no room for a judicial determination that it was insufficient

---

[2]    Tzen's motion to dismiss this appeal as untimely is denied.

to support a finding.' " (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 279 (*Shaw*).)

## II. Analysis

### A. Statutory Violations

Plaintiffs first argue that the judgment must be reversed because the trial court failed to consider whether defendants violated certain provisions of the Civil Code, as well as various Los Angeles County resolutions, ordinances, and regulations. We reject this argument. The trial court was not required to address those issues, as they were immaterial to defendants' liability for breach of contract and intentional tort, the sole causes of action asserted in the complaint. (See *Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 211–212 ["The complaint in a civil action . . . serves to frame and limit the issues"].)

### B. Breach of Contract

"[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 821.)

Plaintiffs contend they should have prevailed on their breach of contract claim because, contrary to the trial court's findings, they presented sufficient evidence demonstrating: (1) the existence of a contract between the parties; and (2) Tzen's breach of the contract's express and implied terms, including the implied covenant of quiet enjoyment and the implied warranty of habitability.

4

We first reject plaintiffs' contention that they "presented evidence of . . . a written agreement" via a document titled "Simple Lease Matters." Although a document with that title was attached as an exhibit to the complaint, it was not offered, let alone admitted, into evidence at the trial. Nor did plaintiffs present any testimony relating to the document. Plaintiffs therefore cannot rely on the "Simple Lease Matters" document to argue that they satisfied their burden of proving the parties had entered into a written contract.[3] (See Evid. Code, § 115 [" 'Burden of proof' means the obligation of a party to establish *by evidence* a requisite degree of belief concerning a fact in the mind of the trier of fact or the court" (italics added)].)

Assuming plaintiffs proved that the parties had an oral or implied-in-fact contract, they have not shown reversible error with respect to the element of breach. "One of the essential rules of appellate law is that '[a] judgment . . . of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness. [Citations.]' [Citation.] It is the duty of the appellant to present an adequate record to the court from which prejudicial error is shown." (*Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 865 (*Kurinij*).) Accordingly, plaintiffs were required to furnish an adequate record enabling us to review whether they presented "evidence compel[ling] a finding in [their] favor . . . as a matter of law" on the element of breach. (*Shaw*, *supra*, 170 Cal.App.4th at p. 279; *Kurinij*, at p. 865.)

They have not done so. In arguing that they presented evidence illustrating how Tzen breached the terms of their

---

[3] Plaintiffs' Motion for Judicial Notice of Rental Agreement is denied as irrelevant.

5

contract with her, plaintiffs refer extensively to their trial exhibits. Although plaintiffs designated those exhibits for inclusion in the clerk's transcript, the record does not reflect that they took the steps required under California Rules of Court, rules 8.224(a)(1) and (b)(2) to ensure the exhibits were transmitted to this court. By failing to facilitate our receipt of the trial exhibits on which their arguments rest, plaintiffs "[f]ail[ed] to provide an adequate record on [the breach] issue . . . ." (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502; *Sherwood v. Superior Court* (1979) 24 Cal.3d 183, 187 ["Whenever the consideration of an exhibit is necessary for a complete understanding of the case, a copy thereof must also be furnished"].) "Where exhibits are missing we will not presume they would undermine the judgment." (*Western Aggregates, Inc. v. County of Yuba* (2002) 101 Cal.App.4th 278, 291.) We therefore have no basis to conclude that Tzen breached any contract she had with plaintiffs.[4]

### C.   Intentional Tort

Causation is an essential element of a tort cause of action. (*Whiteley v. Philip Morris, Inc.* (2004) 117 Cal.App.4th 635, 696.) Whether there is a causal link between the defendant's tortious conduct and the plaintiff's damages is a question of reasonable probability: Was it more likely than not that the plaintiff's injury was a result of the defendant's act or omission? (*Beebe v.*

---

[4]   Having reached this conclusion, we need not address plaintiffs' contention that the trial court erred by finding Tzen sold the property in October 2021, rather than April 2021.

6

*Wonderful Pistachios & Almonds LLC* (2023) 92 Cal.App.5th 351, 370.)

Expert testimony is required to establish the causation element in a personal injury action.[5] (*Jones v. Ortho Pharmaceutical Corp.* (1985) 163 Cal.App.3d 396, 402 ["The law is well settled that in a personal injury action causation must be proven within a reasonable medical probability based upon competent expert testimony"]; *Chakalis v. Elevator Solutions, Inc.* (2012) 205 Cal.App.4th 1557, 1572 [same].) Here, at trial, the only evidence of damages plaintiffs introduced related to their purported physical injuries they attributed to defendants' alleged harassment. The trial court correctly ruled that plaintiffs needed expert testimony to prove that there was a causal link between defendants' alleged harassment and the various physical injuries they allegedly suffered. This failure of proof is fatal to plaintiff's intentional tort cause of action. For this reason, plaintiffs have not shown that reversal is required on their tort claim.[6]

---

[5] *Molien v. Kaiser Foundation Hospitals* (1980) 27 Cal.3d 916, cited in plaintiffs' opening brief, is inapposite. There, our Supreme Court recognized the viability of a claim for negligent infliction of emotional distress. (*Id.* at pp. 918−919.) The court did not address the issue before us, namely, whether expert testimony was required to prove causation for purposes of a personal injury claim. (See *ibid.*)

[6] We therefore do not reach the issue of whether the trial court erred by excluding evidence related to the prior lawsuits between the parties, which plaintiffs offered to demonstrate how defendants have harassed them. Likewise, we deny as irrelevant plaintiffs' Motion for Judicial Notice of Two Temporary Restraining Orders, as well as their Motion for Judicial Notice of

### D.    Other Contentions

Plaintiffs assert a host of other contentions in vague, conclusory fashion.  For example, they claim that the trial court failed to provide a "Safe and Accessible Courtroom."  But plaintiffs do not provide the court with a coherent legal theory or argument based on this assertion.

An appellant " 'must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim.' " (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 619.) " 'It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of [its] correctness.' " (*Id.* at p. 620.)  Accordingly, when an appellant raises a point but " 'fails to support it with reasoned argument and citations to authority,' " we treat the point as forfeited. (*Ibid.*)  Applying these principles, we treat all but one of plaintiffs' remaining arguments as forfeited.  (*Ibid.*)

Plaintiffs argue that the court improperly "exhibited a strict adherence to evidentiary rules without providing [them] the necessary guidance . . . ."  As self-represented litigants, plaintiffs argue, they were entitled to "leniency" and extra assistance from the trial court as they presented their evidence.  We disagree.  "A party proceeding in propria persona 'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.' [Citation.] Indeed, ' "the in propria persona litigant is held to the same

---

Documents Demonstrating Uninhabitable Conditions, Landlord Misrepresentations, and Wrongful Eviction Attempts.

restrictive rules of procedure as an attorney." ' " (*First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1.)[7]

## DISPOSITION

The judgment is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TAMZARIAN, J.

We concur:

ZUKIN, P.J.

MORI, J.

---

[7]  The two cases cited in plaintiffs' opening brief, *Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276 and *In re Marriage of James & Christine C.* (2008) 158 Cal.App.4th 1261, do not hold otherwise.  In neither case did the appellate court impose upon trial courts the duty to assist self-represented litigants with their presentation of evidence, or require trial courts to relax the application of evidentiary rules to self-represented litigants.  (See *In re Marriage of James & Christine C.*, at pp. 1264–1265 [reversing trial court's denial of appellant's motion to continue trial in marital dissolution action because the ruling rested on improper grounds]; see also *Gamet v. Blanchard*, at pp. 1279, 1283–1285 [holding that, based on the unique facts presented, the trial court abused its discretion by denying appellant's motion to vacate judgment entered against her].)