[No. B136652. Second Dist., Div. Four. May 11, 2000.]

GEORGE TORRES, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

William P. Imperial; William J. Genego; Nasatir, Hirsch & Podberesky, Richard G. Hirsch; and Robert W. Eisfelder for Petitioner.

No appearance for Respondent.

Gil Garcetti, District Attorney, George M. Palmer and Brent Riggs, Deputy District Attorneys, for Real Party in Interest.

OPINION

**EPSTEIN, Acting P. J.**—In this writ proceeding we consider whether it is proper for the trial court to conduct an ex parte in camera hearing to determine whether the People have a valid claim of privilege as to the identity of percipient witnesses who are admittedly not confidential informants. We conclude that an in camera hearing is not proper on a claim of official privilege unless the party claiming the privilege explains in open court why the official privilege applies or declares that it cannot do so without betraying the privilege. If that showing is made, and the trial court finds that it is unable to evaluate the claim without disclosure of information which the party asserts is privileged, the court is authorized by Evidence Code section 915, subdivision (b)[1] to conduct an in camera hearing to evaluate the existence of the privilege. We also conclude that no basis was shown in this case to require that the ex parte in camera hearing be conducted by a different judicial officer than the one presiding over the hearing in which the issue arose.

FACTUAL AND PROCEDURAL SUMMARY

Petitioner was placed on three years of formal probation in April 1997. One of the conditions of his probation was that he was not to "own, use or possess any dangerous or deadly weapons, including any firearms, knives or other concealable weapons." He also was required to submit to warrantless searches of his person and property.

On July 13, 1999, law enforcement officers conducted a series of coordinated searches at six different properties owned by petitioner, including three Numero Uno markets. They found firearms at three of the locations. The district attorney filed a petition to revoke petitioner's probation on the ground that he violated Penal Code section 12021 (felon in possession of a firearm).

---

[1]All further statutory references are to the Evidence Code unless otherwise indicated.

At the probation violation hearing, Downey Police Officer Paul Hernandez testified that he found four shotguns, four rifles, and a .380 magazine containing several live rounds in an upstairs security room at petitioner's Numero Uno market at 701 E. Jefferson Avenue. On cross-examination, defense counsel asked Officer Hernandez whether anyone accompanied him to the location that was searched. He replied that several people had. Counsel asked, "Who was with you?" The prosecutor's objection on relevance grounds was overruled.

The prosecutor then asked the court to hold an in camera hearing "pursuant to 1040 through 1042 of the Evidence Code."[2] Defense counsel objected to this procedure, noting that he was not seeking disclosure of the identity of confidential informants, but of percipient witnesses. Hence, he argued, the People could not assert the privilege against disclosure of an informant's identity pursuant to section 1041, nor were they entitled to an ex parte, in camera hearing for evaluation of that claim pursuant to section 1042, subdivision (d).

The court concluded that the People's claim was analogous to a section 1041 claim of privilege as to the identity of an informant,[3] and that it would be appropriate to hold an in camera hearing to evaluate whether the privilege was properly asserted.

Defense counsel proposed that the hearing be conducted by another judicial officer to prevent the court from being tainted by information revealed in the in camera hearing. The court was willing to accept this proposal, but the prosecutor was not. The court announced its intention to proceed with the hearing, and assured defense counsel it would consider only the basis for the claim of privilege, not any issues of substance during the ex parte hearing.

Petitioner sought a writ of mandate for relief from the trial court's order for an in camera hearing. He also asked that if we permit the in camera hearing to go forward, we order that it be conducted by a different judicial officer than the one who is conducting the probation violation hearing. We issued an alternative writ and stayed the in camera hearing. After consideration of the matter, we grant the writ of mandate and direct the trial court to vacate its order for an in camera hearing.

---

[2] We deem the prosecutor's reference to section 1040 adequate to invoke the official information privilege.

[3] The court's statement that the privilege being asserted is analogous to the informant privilege demonstrates its understanding that it was dealing with the official information privilege rather than the informant privilege.

DISCUSSION

I

The People admit that the percipient witnesses whose disclosure they oppose are not confidential informants. The privilege recognized in section 1041 preventing disclosure of the identity of a confidential informant does not apply. For that reason, the People are not entitled to the in camera procedure available to oppose disclosure of the identity of confidential informants which is set out in subdivision (d) of section 1042.

The applicable privilege, they argue, is for "official information." Under section 1040, a public entity has a privilege to refuse to disclose official information and to prevent another from disclosing it if disclosure of the information is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure. (§ 1040, subd. (b)(2).) Subdivision (a) of section 1040 defines official information as "information acquired in confidence by a public employee in the course of his or her duty and not open, or officially disclosed, to the public prior to the time the claim of privilege is made."

Petitioner disputes the applicability of this privilege. He is seeking the names of the people who accompanied Detective Hernandez on the probation search, and the prosecutor has admitted that the people in question are not confidential informants. If a person is not a confidential informant, petitioner argues, "there is no plausible basis to believe that Detective Hernandez could have 'acquired [the person's name] in confidence . . . in the course of his or her duty . . . .'"

Petitioner cites no authority for this conclusion, and we find his argument unpersuasive. A person's identity can be revealed to a public employee in confidence, whether or not that person also provides information to the public employee. For example, the name of an undercover officer from a different law enforcement agency, or of an individual in a witness protection program, could be provided to a police officer in confidence. There is at least an arguable basis for the prosecutor's assertion that the identity of the individuals who accompanied Detective Hernandez is official information and therefore privileged.

Anticipating this conclusion, petitioner next argues: "[T]he fact that the privilege may apply does not entitle the District Attorney to an in camera hearing to argue for non-disclosure. Nor does the fact that privilege may apply mean the Respondent Court is authorized to conduct an in camera

hearing." Petitioner is correct in his claim that the district attorney is not entitled to an in camera hearing just for the asking. But as we shall explain, the court has the authority to hold an in camera hearing on a proper showing that the hearing is necessary to determine the claim of privilege.

Section 915, subdivision (b), provides: "When a court is ruling on a claim of privilege under Article 9 (commencing with Section 1040) of Chapter 4 (official information and identity of informer) or under Section 1060 (trade secret) and is unable to do so without requiring disclosure of the information claimed to be privileged, the court may require the person from whom disclosure is sought or the person authorized to claim the privilege, or both, to disclose the information in chambers out of the presence and hearing of all persons except the person authorized to claim the privilege and such other persons as the person authorized to claim the privilege is willing to have present. If the judge determines that the information is privileged, neither he nor any other person may ever disclose, without the consent of a person authorized to permit disclosure, what was disclosed in the course of the proceedings in chambers."

■ The issue is not whether the court can utilize the in camera procedure authorized by section 915, subdivision (b) to determine applicability of a claim of privilege; it plainly has that authority. The real question is what showing must be made before the court exercises its authority to do so.

The official information privilege, once asserted, should not be sustained unless the court is presented with a showing that the information sought to be protected is covered by the privilege. There are, no doubt, circumstances where this is self-evident, or nearly so. (See, e.g., *People v. Walker* (1991) 230 Cal.App.3d 230 [282 Cal.Rptr. 12] [point of surveillance].) But if it is not, the party claiming the privilege must either show in open court why the matter is privileged, or declare that doing so would compromise the privilege. If it appears to the trial court, based on this representation, that the claim cannot be determined in open court without "disclosure of the information claimed to be privileged," the court may call for that disclosure in camera, pursuant to section 915, subdivision (b).

In this case, the People asked for an in camera hearing. But they said nothing more. The request by itself was not sufficient. The People were required to go further and explain why the official privilege applies to the requested information, or declare that they cannot provide that explanation in open court without betraying the privilege. In the absence of the explanation or the declaration, the court erred in setting an ex parte in camera hearing.

■ If the court sets an ex parte in camera hearing following a proper assertion of privilege by the People, and a finding of need by the court, petitioner should be given an opportunity to propose questions to be asked at the in camera hearing. (*People v. Montgomery* (1988) 205 Cal.App.3d 1011, 1021 [252 Cal.Rptr. 779].) In order to protect petitioner's right to appellate review, "[t]he trial court can and should exercise its inherent power to order that the proceedings be recorded and transcribed and that the transcript be sealed." (*Ibid.*, fn. 4.)

■ The in camera proceeding is to be only a preliminary inquiry into the question of disclosure. As the court explained in *People v. Superior Court* (1971) 19 Cal.App.3d 522 [97 Cal.Rptr. 118], the in camera hearing provided by section 915, subdivision (b) "offers the judge a guarded look into the government's secrets as a prelude to a more extended inquiry. Although it may furnish a fairly accurate measure of the government's claim, it supplies no more than a tentative, strictly provisional notion of the defendant's need. It does not place the court in readiness to rule on the claim of privilege. The court should continue its inquiry in an adversary setting, probing the information's relevance to the defense, exploring with counsel the availability of other alternatives and, if necessary, hearing testimony *voir dire*. Only at the conclusion of an adversary inquiry is the court in a position to assess the counter-balancing weight of the defendant's need, to appraise the possibility of reasonable alternatives and to determine what cost shall be exacted of the prosecution. Only at the conclusion of an adversary inquiry is the court qualified to rule for or against the government's claim of privilege." (19 Cal.App.3d at p. 531; see also § 1042, subd. (d).)

## II

■ Petitioner also argues that the in camera hearing should be conducted by a different judicial officer than the one who will preside over his probation revocation hearing. He acknowledges that a judge's receipt of information through an ex parte in camera hearing with one of the parties ordinarily does not constitute grounds to reasonably question the judge's impartiality. He claims this case is different because the judge who will receive the ex parte information is also the trier of fact on the ultimate issue of whether petitioner violated his probation. According to petitioner, "Given that dual role, a reasonable person with knowledge of all the facts might reasonably question the judge's impartiality."

The People expressed the intent to limit the court's exposure to substantive information during the ex parte hearing. The judge stated he would limit the ex parte hearing to "why the claim of privilege is being made so I can

attempt to evaluate whether it is a valid claim or not." The circumstances in this case do not suggest that the judge's receipt of information during an ex parte hearing would create any actual or apparent bias.

If, upon a proper showing by the People, the court determines that an ex parte in camera hearing is necessary in order to determine the existence of the official information privilege, it would not be an abuse of discretion for the court to hold the hearing rather than have it conducted by a different judicial officer.

## DISPOSITION

The petition for writ of mandate is granted, and the trial court is ordered to vacate its order setting an in camera hearing on the People's claim of privilege.

Hastings, J., and Curry, J., concurred.