BILL LOCKYER Attorney General THOMAS S. LAZAR Deputy Attorney General
THE HONORABLE NORMAN L. VROMAN, DISTRICT ATTORNEY, COUNTY OF MENDOCINO, has requested an opinion on the following questions:
1. Where the prosecution has (1) electronically recorded a witness's statement, (2) hired a certified shorthand reporter to report the statement, and (3) furnished to the defense a copy of the electronic recording, may the prosecution also have a duty to order a transcript of the statement from the reporter for inspection by the defense?
2. Does the prosecution's duty to disclose discoverable materials include a duty to furnish copies of such materials to the defense?
3. May the prosecution, having elected to disclose discoverable materials by furnishing copies to the defense, require reimbursement for the cost of copying such materials?
4. Would the furnishing of copies of discoverable materials by the prosecution to the defense without charge constitute an improper "gift" of public funds?
 CONCLUSIONS
1. Where the prosecution has (1) electronically recorded a witness's statement, (2) hired a certified shorthand reporter to report the statement, and (3) furnished to the defense a copy of the electronic recording, the prosecution may nevertheless have a duty to order a transcript of the statement from the reporter for inspection by the defense depending upon the particular circumstances.
2. The prosecution's duty to disclose discoverable materials does not include a duty to furnish copies of such materials to the defense.
3. The prosecution, having elected to disclose discoverable materials by furnishing copies to the defense, may not require reimbursement for the cost of copying such materials.
4. The furnishing of copies of discoverable materials by the prosecution to the defense without charge would not constitute an improper "gift" of public funds.
 ANALYSIS
We are informed that in connection with the prosecution of a criminal case, a deputy district attorney conducted an interview of a witness which was electronically recorded on videotape and audiotape.[1] The deputy also contracted with a certified shorthand reporter to take notes of the statement during the interview. Deciding that the electronic recordings were adequate, the deputy did not order a transcript of the interview and instead furnished copies of the tapes to the defendant's counsel. Defendant's counsel, concluding that portions of the electronic recordings were not sufficiently audible, asked the deputy to order a transcript from the reporter and furnish a copy to the defense. The four questions presented for resolution concern the duties of a prosecutor with respect to disclosing discoverable materials in the above described situation.
1. Duty to Order Transcript for Inspection
The first question we are asked to address is whether under the facts presented, the prosecution may have a duty to order a transcript from the reporter for inspection by the defense. We conclude that the prosecution may have such a duty.
At the June 5, 1990, Primary Election, the voters of California adopted Proposition 115, the "Crime Victims Justice Reform Act," which added both constitutional language (Cal. Const., art. I, § 30, subd. (c)) and new criminal discovery statutes (Pen. Code, §§ 1054-1054.7), [2]
the latter constituting "an almost exclusive procedure for discovery in criminal cases" (People v. Superior Court (Barrett) (2000)80 Cal.App.4th 1305, 1311-1313). Two statutes are particularly relevant to our analysis of the first question. Section 1054 describes the purposes of sections 1054-1054.7 as follows:
"This chapter shall be interpreted to give effect to all of the following purposes:
 "(a) To promote the ascertainment of truth in trials by requiring timely pretrial discovery.
 "(b) To save court time by requiring that discovery be conducted informally between and among the parties before judicial enforcement is requested.
 "(c) To save court time in trial and avoid the necessity for frequent interruptions and postponements.
 "(d) To protect victims and witnesses from danger, harassment, and undue delay of the proceedings.
 "(e) To provide that no discovery shall occur in criminal cases except as provided by this chapter, other express statutory provisions, or as mandated by the Constitution of the United States."
Section 1054.1 provides the specific duties of the prosecution to disclose discoverable materials:
 "The prosecuting attorney shall disclose to the defendant or his or her attorney all of the following materials and information, if it is in the possession of the prosecuting attorney or if the prosecuting attorney knows it to be in the possession of the investigating agencies:
 "(a) The names and addresses of persons the prosecutor intends to call as witnesses at trial.
"(b) Statements of all defendants.
 "(c) All relevant real evidence seized or obtained as a part of the investigation of the offenses charged.
 "(d) The existence of a felony conviction of any material witness whose credibility is likely to be critical to the outcome of the trial.
"(e) Any exculpatory evidence.
 "(f) Relevant written or recorded statements of witnesses or reports of the statements of witnesses whom the prosecutor intends to call at the trial, including any reports or statements or experts made in conjunction with the case, including the results of physical or mental examinations, scientific test, experiments, or comparisons which the prosecutor intends to offer in evidence at the trial."
We construe the terms of section 1054.1[3] to effectuate the purposes of Proposition 115, as set forth in section 1054, giving the words a practical meaning.[4] The prosecution's duty under section1054.1, subdivision (f), to disclose statements of witnesses must be consistent with promoting "the ascertainment of truth" (§1054, subd. (a)) and saving "court time by requiring that discovery be conducted informally between and among the parties" (§ 1054, subd. (b)).
It may well be that in most cases, preparing a transcript would be unnecessary when the statement of a witness is electronically recorded and a copy thereof is furnished to the defense.[5] However, here, furnishing copies of the videotape and audiotape did not serve to promote "the ascertainment of truth" due to the inaudible portions of the tapes. The tapes did not disclose the entire contents of the witness's statement. Thus, the recordings did not satisfy the prosecution's burden under section 1054.1, subdivision (f).
Clearly, the certified shorthand reporter's shorthand notes were "in the possession of the prosecuting attorney or . . . possession of the investigating agencies." (§ 1054.1.) The reporter was under contract to the prosecution to record the witness's statement. In so doing, the reporter acted as the prosecution's agent in assisting it to preserve discoverable information. (Cf. In re Brown, supra, 17 Cal.4th at p. 880 ["no serious dispute" that crime lab "worked closely with the District Attorney's Office in assisting it in the prosecution of cases . . . [as] part of the investigative `team'"]; People v. Superior Court(Barrett) (2000) 80 Cal.App.4th 1305, 1315 [disclosure necessary with respect to person or agency acting on government's behalf or assisting government's case].)[6]
The shorthand notes of the reporter, however, were of no use to the defense in their original format; only a transcript prepared by the reporter would fully disclose the witness's statement. California courts have long recognized that the prosecution's disclosure duty applies to information within its control. (See In re Littlefield (1993)5 Cal.4th 122, 135.) In Pitchess v. Superior Court (1974) 11 Cal.3d 531,535, the Supreme Court construed such "possession and control" as encompassing information "reasonably accessible" to the prosecution. (See also People v. Coyer (1983) 142 Cal.App.3d 839, 843 [information is subject to disclosure if it is "readily available" to the prosecution].) The transcript would be readily available to the prosecution even though a separate fee might be charged by the reporter for its preparation.
We thus conclude in answer to the first question that where the prosecution has (1) electronically recorded a witness's statement, (2) hired a certified shorthand reporter to report the statement, and (3) furnished to the defense a copy of the electronic recording, the prosecution may nevertheless have a duty to order a transcript from the reporter for inspection by the defense depending upon the particular circumstances.
2. Duty to Furnish Copies
The second question to be addressed is whether the prosecution's duty to disclose discoverable materials includes a duty to furnish copies of such materials to the defense. We conclude that it does not.
Section 1054.1 omits any duty by the prosecution to furnish copies of discoverable materials. It has long been held that the prosecution satisfies its burden of disclosure if the defense may inspect, view, hear, or copy discoverable materials. (See People v.Garner (1961) 57 Cal.2d 135, 142-143; see also Joe Z. v. Superior Court
(1970) 3 Cal.3d 797, 803 [defense may inspect and copy].) We find nothing in In re Brown, supra, 17 Cal.4th 873, that would change this traditional requirement of disclosing discoverable materials by providing inspection of the materials. (See also United States v. Freedman (11th Cir. 1982)688 F.2d 1364.) It is sufficient, therefore, that the prosecution affords the defense the opportunity to inspect the materials, allowing the defense to make its own copies if it chooses.[7]
We conclude in answer to the second question that the prosecution's duty to disclose discoverable materials does not include a duty to furnish copies of such materials to the defense.
3. Reimbursement For Furnishing Copies
The third question addresses the situation where the prosecution has elected to furnish copies of discoverable materials to the defense. May the prosecution charge the defense for the copies? We conclude that any payment for copying the materials requires the mutual agreement of the parties.
The prosecution and defense are free to negotiate and agree upon the payment of a fee for copies of discoverable materials. Nothing in the discovery statutes would prevent the prosecution and defense from reaching an agreement, reimbursing the prosecution for its costs of copying the materials.
However, just as we have concluded that the prosecution is notrequired to furnish copies of discoverable materials, the defense cannot be required to pay for any copies voluntarily furnished by the prosecution. Sections 1054-1504.8 do not impose an obligation on the defense to pay for copies of discoverable materials without its consent.
We reject the suggestion that the California Public Records Act (Gov. Code, §§ 6250-6276.48) provides a basis for the prosecution to charge a fee when it provides copies of discoverable materials to the defense. First, written statements of witnesses in the situation presented would not constitute public records. (Gov. Code, § 6254, subd. (f); see also Williams v. Superior Court (1993)5 Cal.4th 337, 348-362; Rivero v. Superior Court (1997)54 Cal.App.4th 1048, 1050; County of Orange v. Superior Court (2000)79 Cal.App.4th 759, 764-766.) Second, the defense would be requesting the copies pursuant to the criminal discovery statutes, not the California Public Records Act. Accordingly, the authority contained in the California Public Records Act to charge persons requesting copies of public records (Gov. Code, § 6253, subd. (b)) would be inapplicable here.
We conclude in answer to the third question that the prosecution, having elected to disclose discoverable materials by furnishing copies to the defense, may not require reimbursement for the cost of copying such materials.[8]
4. Gift of Public Funds
Our final question is whether the prosecution's furnishing of copies of discoverable materials to the defense without charge would constitute an improper "gift" of public funds. We conclude that it would not.
Section 6 of article XVI of the Constitution states in part:
 "The Legislature shall have no . . . power to make any gift or authorize the making of any gift, of any public money or thing of value to any individual, municipal or other corporation whatever . . .
As we have recently observed: "Gifts of public hinds are prohibited under this constitutional provision, whether at the state or local level of government. [Citations.]" (83 Ops.Cal.Atty.Gen. 45, 47 (2000).)
However, a well established exception to this constitutional prohibition has been recognized by the courts where, although private parties are benefited, the expenditure serves a direct and substantial public purpose. In California Housing Finance Agency v. Elliott (1976)17 Cal.3d 575, 583, the Supreme Court explained:
 ". . . Under the public purpose doctrine, public credit may be extended and public funds disbursed if a direct and substantial public purpose is served and nonstate entities are benefitted only as an incident to the public purpose. [Citations.] `. . . [T]he benefit to the state from an expenditure for a public purpose is in the nature of consideration and the funds expended are therefore not a gift even though private persons are benefitted therefrom.' [Citation.] . . ."
The public purposes served by the prosecution's disclosure of discoverable materials are readily apparent. Disclosure under the provisions of Proposition 115 promotes the ascertainment of truth, saves court time, and helps create a system in which justice is swift and fair. (§ 1054.) These purposes are served whether the prosecution provides the defense with an opportunity to inspect, view, hear, or copy discoverable materials or whether it elects to satisfy its burden of disclosing the materials by furnishing copies without charge.
Accordingly, we conclude that the furnishing of copies of discoverable materials by the prosecution to the defense without charge would not constitute an improper "gift" of public funds.
[1] As presented here, the facts raise no issue regarding the application of the "official information" privilege (Evid. Code, §1040; see, e.g., Torres v. Superior Court (2000) 80 Cal.App.4th 867,872-873), the confidential informant" privilege (Evid. Code, §§1041, 1042, ; see, e.g., People v. Garcia (1967) 67 Cal.2d 830,839-840), or the "good cause" exception (Pen. Code, § 1054.7; see, e.g., Alvarado v. Superior Court (2000) 23 Cal.4th 1121,1147-1152).
[2] All references hereafter to the Penal Code are by section number only.
[3] We may assume for our purposes that the prosecution intends to call the witness at the trial.
[4] "Statutes are to be given a reasonable and common-sense interpretation consistent with the apparent legislative purpose and intent `and which, when applied, will result in wise policy rather than mischief or absurdity.' [Citation.]" (Dyna-Med, Inc. v. Fair Employment Housing Com. (1987) 43 Cal.3d 1379, 1392.)
[5] Indeed, we are informed that a reporter is typically not present when the prosecution electronically records an interview of a witness.
[6] Because we find a statutory duty to disclose, we need not address the prosecution's separate, independent constitutional duties of disclosure under the federal and state Constitutions. (See Kyles v.Whitney (1995) 514 U.S. 419; Brady v. Maryland (1963) 373 U.S. 83; In reBrown (1998) 17 Cal.4th 873; In re Sassounian (1995) 9 Cal.4th 535; In reFerguson (1971) 5 Cal.3d 525; Raven v. Deukmeflan (1990) 52 Cal.3d 336;People v. Bohannon (2000) 82 Cal.App.4th 798.)
[7] We recognize that constitutional equal protection principles demand that a state "provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal." (Britt v. North Carolina (1971) 404 U.S. 226, 227; see alsoPeople v. Hosner (1975) 15 Cal.3d 60, 66; People v. Tarver (1991)228 Cal.App.3d 954, 956-957.) Constitutional due process principles also support an indigent's right to a transcript in certain other cases as well. (Ake v. Oklahoma (1985) 470 U.S. 68, 76-77; Woods v. SuperiorCourt (1990) 219 Cal.App.3d 708, 711-713.) However, no authority supports expansion of an indigent's limited right to a transcript to include a right to copies, in addition to inspection, of discoverable materials in the possession of the prosecution. (See Wardius v. Oregon (1973)412 U.S. 470, 474; Izazaga v. Superior Court (1991) 54 Cal.3d 356,374-378; People v. Municipal Court (Runyan) (1978) 20 Cal.3d 523,530-531; People v. Superior Court (Barrett), supra, 80 Cal.App.4th at p. 1314; Reid v. Superior Court (1997) 55 Cal.App.4th 1326, 1332.)
[8] We note that the certified shorthand reporter would not be acting as an official reporter of the superior court (see Gov. Code, §§69941-69959) during the prosecution's interview of the witness but rather would be acting as a private contractor. Hence, any fee arrangement between the reporter and the prosecution concerning the preparation of a transcript, the right of the prosecution to photocopy the transcript once it was prepared, and the furnishing of any photocopies of the transcript would be matters governed by the contract's terms as negotiated by the parties.
We also note that Government Code section 6103, prohibiting the payment of fees for certain services, would have no application here since, as we have concluded, furnishing a copy of the transcript would not be a "duty imposed by law." (See 62 Ops.Cal.Atty.Gen. 609, 610 (1979); 61 Ops.Cal.Atty.Gen. 458, 464 (1978).)