Filed 11/21/23  P. v. Dupree CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C097816 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-180861) |
| v. | |
| JAMES ROBERT DUPREE, | |
| Defendant and Appellant. | |

Defendant James Robert Dupree appeals from a judgment of convictions for possession of drug paraphernalia and being a felon in possession of ammunition.  He challenges a pretrial ruling denying his motion to disclose the identity of a confidential informant he claims was a material witness regarding defendant's possession of the ammunition.  He claims the trial court abused its discretion in upholding the prosecution's assertion of an evidentiary privilege, thereby refusing to disclose the informant's identity.  We find no error.

1

## FACTUAL AND PROCEDURAL BACKGROUND

We need only recount the facts supporting defendant's convictions as necessary to provide context for the issues raised on appeal. It suffices to say that Detective Juan De Luna conducted a traffic stop of defendant. Detective De Luna searched defendant's car and found two methamphetamine pipes and a total of 27 boxes of ammunition for an AK-47 — a semiautomatic or automatic firearm.

A search of defendant's phone revealed text messages from "Tomies Patrick" (Tomies) and a contact known as "Traciy Placerville" (Traciy). The day before the traffic stop, Traciy sent messages to defendant that referenced boxes, "rounds," and $3,300. On the day of the traffic stop, defendant sent Tomies a message that referenced "26," which caught Detective De Luna's attention because Detective De Luna found 26 boxes of ammunition in a bag in defendant's trunk. These messages also referenced "wheels," which Detective De Luna suspected was code for ammunition. Detective De Luna believed that there was a deal between defendant and Traciy involving the ammunition.

*Pretrial Proceedings*

At the preliminary hearing, Detective De Luna testified that he conducted the traffic stop of defendant because, in part, he knew defendant was on probation. Prior to trial, defendant moved to disclose the identity of a confidential informant, alleging that based on the prosecutor's repeated objections pursuant to Evidence Code section 1040, and requests for an in camera hearing when defense counsel asked Detective De Luna why he stopped defendant's car, there was an inference from Detective De Luna's preliminary hearing testimony that he also relied on information from a confidential informant to justify the traffic stop. Defendant argued that if the confidential informant had knowledge about the ammunition and shared it with Detective De Luna, that confidential informant was a material witness and defendant was entitled to learn the

informant's identity. The prosecutor opposed the motion, arguing that such information was privileged under Evidence Code sections 1040 and 1041.

The parties ultimately stipulated that a prima facie basis for an in camera hearing existed. Defense counsel submitted 13 questions, which the court subsequently asked during the hearing. After the hearing, the trial court denied the motion, finding that disclosure of the information related to the traffic stop was against the public interest because the necessity for preserving the confidentiality of the information outweighed the necessity for disclosure in the interest of justice pursuant to Evidence Code section 1040, subdivision (b)(2).

*Trial Proceedings*

Following opening statements in the jury trial in this case, the trial court held a second in camera hearing when defense counsel advised the trial court and prosecutor of specific questions he intended to ask Detective De Luna, which the prosecutor believed would prompt the disclosure of privileged information. The trial court again permitted the defense to submit written questions to be asked of Detective De Luna during the in camera hearing. Following the in camera hearing, the trial court overruled the prosecutor's objections to the proposed questions and ruled that the questions were permissible.

A jury subsequently found defendant guilty of being a felon in possession of ammunition and guilty of possession of drug paraphernalia.[1]

## DISCUSSION

Defendant claims the trial court abused its discretion in upholding the prosecution's assertion of an evidentiary privilege relating to the identity of a confidential informant. Should we agree the trial court erred in upholding the evidentiary privilege,

---

[1] Penal Code section 30305, subdivision (a)(1) (count one) and Health & Safety Code section 11364, subdivision (a) (count two), respectively.

defendant further requests we review the admission of text messages and the denial of his motion for a new trial. To address defendant's central claim, the parties assert that we should review the transcripts of the in camera hearings. We agree this is the correct procedure. (See *People v. Kelly* (2018) 28 Cal.App.5th 886, 907 (*Kelly*).)

The prosecutor asserted two different, but related, evidentiary privileges: the official information privilege (Evid. Code, § 1040)[2] and the confidential informant privilege (§ 1041). The trial court upheld the privilege against disclosure under section 1040.[3] "Under section 1040, a public entity has a privilege to refuse to disclose official information and to prevent another from disclosing it if disclosure of the information is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure. [Citation.]" (*Torres v. Superior Court* (2000) 80 Cal.App.4th 867, 872.) Similarly, "section 1041 permits a public entity to refuse to disclose the identity of an informer when disclosure 'is against the public interest because there is a necessity for preserving the confidentiality of his identity that outweighs the necessity for disclosure in the interest of justice . . . .' " (*People v. Otte* (1989) 214 Cal.App.3d 1522, 1529-1530, citing § 1041, subd. (a)(2).)

In reviewing a claim of privilege under sections 1040 or 1041, the procedures are similar and governed by section 1042. (*Electronic Frontier Foundation, Inc. v. Superior Court* (2022) 83 Cal.App.5th 407, 418 (*Electronic Frontier Foundation*).) The court may conduct an in camera hearing outside the presence of the defendant and their

---

[2] Undesignated statutory references are to the Evidence Code.

[3] Section 1041 applies when a confidential informant provides a law enforcement officer with information about illegal activities. This statute has a privilege provision similar to section 1040 in that a public entity has a privilege to refuse to disclose the identity of a person who has furnished information in confidence purporting to disclose a violation of a law. (*People v. Navarro* (2006) 138 Cal.App.4th 146, 164, citing § 1041, subd. (a)(2).)

counsel.  (See *People v. Bradley* (2017) 7 Cal.App.5th 607, 620-621, 626; § 1042, subd. (d).)  "At that hearing, the prosecution may offer evidence that discloses the confidential information to aid the court in determining materiality:  that is, ' "whether there is a reasonable possibility that nondisclosure might deprive the defendant of a fair trial." ' (*Bradley, supra*, at p. 621.)"  (*Kelly, supra*, 28 Cal.App.5th at p. 906.)  During this ex parte in camera hearing, the petitioner should be given an opportunity to propose questions to be asked and the proceedings should be recorded, transcribed, and the transcript should be sealed.  (*Torres v. Superior Court, supra*, 80 Cal.App.4th at p. 874.)

As it relates to the privilege claimed under section 1041, "when an *in camera* hearing has been held and the trial court has reasonably concluded, as in the instant case, that the informant does not have knowledge of facts that would tend to exculpate the defendant, disclosure of the identity of the informer is prohibited by . . . section 1042, subdivision (d), since the public entity has invoked the privilege pursuant to section 1041."  (*People v. McCarthy* (1978) 79 Cal.App.3d 547, 555.)  We are satisfied the trial court here complied with section 1042's procedures.  In both of the transcribed ex parte in camera hearings, Detective De Luna testified under oath, answered the questions submitted by defense counsel, and provided sufficient testimony to enable us to review the trial court's ruling.  We thus address only the court's decision concerning the denial of disclosure of the identity of a confidential informant, which we review under the abuse of discretion standard.  (See *Davis v. Superior Court* (2010) 186 Cal.App.4th 1272, 1277, citing *People v. Hobbs* (1994) 7 Cal.4th 948, 976; see also *People v. Bradley, supra*, 7 Cal.App.5th at p. 620; *Kelly, supra*, 28 Cal.App.5th at p. 906.)

" 'To establish an abuse of discretion, [a party] must demonstrate that the trial court's decision was so erroneous that it "falls outside the bounds of reason."  [Citations.] A merely debatable ruling cannot be deemed an abuse of discretion.  [Citations.]  An abuse of discretion will be "established by 'a showing the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a

manifest miscarriage of justice.' " ' " (*Electronic Frontier Foundation, supra*, 83 Cal.App.5th at p. 421, quoting *People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 390.)

We find no abuse of discretion here. We have thoroughly reviewed the transcript of the in camera hearing held pursuant to defendant's motion to disclose the identity of the confidential informant. We first note that the trial court's general order denying the motion was based "upon a conclusion that all of the material sought was privileged." (*Shepherd v. Superior Court* (1976) 17 Cal.3d 107, 125, overruled on another point in *People v. Holloway* (2004) 33 Cal.4th 96, 131.) We conclude the same. We also conclude that the trial court reasonably found, pursuant to section 1040, subdivision (b)(2) and section 1041, subdivision (a)(2), that the information sought was against the public interest because there was a necessity for preserving the confidentiality of the information that outweighed the necessity for its disclosure in the interest of justice. "Implicit in [an] assessment [of the necessity for preserving the confidentiality] is a consideration of consequences — i.e., the consequences to the litigant of nondisclosure, and the consequences to the public of disclosure." (*Shepherd, supra*, at p. 126.) Having reviewed the testimony from the in camera hearing, we believe the trial court's order properly reflects such an assessment. There was nothing arbitrary, capricious, or patently absurd about the trial court's ruling denying defendant's motion to disclose the identity of the confidential informant. (See *Electronic Frontier Foundation, supra*, 83 Cal.App.5th at pp. 421-422 [finding no error in declining to reveal the identity of the confidential informant under §§ 1040 and 1041 when the trial court's determination the public interest against disclosure outweighed the defendant's interest was not arbitrary or capricious].)

We have also reviewed the transcript of the second in camera hearing with Detective De Luna. We conclude the written questions defendant requested be asked of Detective De Luna were in fact asked of him and that his in camera answers were consistent with answers given by him during his testimony before the jury.

6

Because defendant's remaining issues are conditioned upon a contrary conclusion by this court regarding the prosecutor's assertion of privilege, we need not address them.

**DISPOSITION**

The judgment is affirmed.

                          /s/
EARL, P. J.

We concur:

        /s/
ROBIE, J.

        /s/
BOULWARE EURIE, J.